

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 7, 2013

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: <u>United States v. Wells Fargo Bank, N.A.</u>, 12 Civ. 7527 (JMF) (JCF)

Dear Judge Furman:

      In accordance with the Court's Notice of Initial Pretrial Conference dated September 24, 2013, we write jointly on behalf of the parties in the above-referenced action to provide the information requested by the Court in connection with this action brought by plaintiff United States of America (the "United States" or "Government") against defendant Wells Fargo Bank, N.A. ("Wells Fargo").

      The parties have conferred and are in agreement regarding a proposed Civil Case Management Plan and Scheduling Order (the "Plan"). The Government and Wells Fargo propose a twelve-month fact discovery period and a three-month expert discovery period. The proposed length of discovery is due to the complex nature of the allegations in the Amended Complaint, spanning a period of almost ten years, regarding a large financial institution, and involving tens of thousands of loans with respect to the reckless underwriting claims and more than 6,000 loans with respect to the self-reporting claims. The Government's agreement to a twelve-month fact discovery period is based upon these facts and on representations made to it by counsel for Wells Fargo regarding the difficulties the bank anticipates in completing discovery in a shorter period due to the age, volume, and location of relevant Wells Fargo and Government materials.

      The Government has advised Wells Fargo that the Government intends to seek the Court's permission to join as a defendant an individual Wells Fargo Home Mortgage Vice President who is identified by professional title in paragraphs 123 and 125 of the Amended Complaint. The Government intends to sue the individual under the False Claims Act and the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 for the individual's pivotal role in allegedly causing Wells Fargo to fail to self-report materially deficient Federal Housing Administration ("FHA") loans to the United States Department of Housing and Urban Development ("HUD"), as required. The Government believes that joining its self-reporting claims against the Wells Fargo Home Mortgage Vice President with this action would be

1

preferable to asserting claims against the individual in a separate, related action since the Vice President's conduct is, in any event, central to the self-reporting allegations against Wells Fargo here.  Further, the Government believes that joinder of the Wells Fargo Vice President would not cause an undue delay or unduly prejudice Wells Fargo, since discovery has not yet begun, the factual allegations underlying the claim against the proposed individual defendant are already at issue here, and the addition of certain legal theories as to a new defendant will have no impact on Wells Fargo's ability to maintain a defense.  Instead, the Government believes joinder here would avoid multiple litigations.  The Government does not anticipate that joinder of the individual defendant will delay the commencement of discovery because any Fed. R. Civ. P. 12 motion practice by the individual defendant can proceed in parallel with discovery.

Wells Fargo believes that any Government attempt to add the employee as an individual defendant is unwarranted.  The Government's request comes on the eve of the Initial Pretrial Conference and, more importantly, more than a year after the Government filed its original complaint, more than ten months after the Government filed its Amended Complaint, and after full and extensive briefing and argument on Wells Fargo's Motion to Dismiss.  Wells Fargo is not aware of any new facts or circumstances that would warrant the substantial disruption of this matter that would result from the Government's attempt to add a new party defendant at this juncture of the litigation.  Wells Fargo will reserve its formal response until it reviews any motion for leave to amend that the Court permits the Government to file.  However, if leave to amend is granted, Wells Fargo does not agree with the Government's assessment that no delay will result.  Instead, Wells Fargo anticipates that the Case Management Plan will need to be adjusted to accommodate the introduction of the new individual party and new counsel to this litigation and any motions practice or defenses the new party may want to raise.

Finally, the Government and Wells Fargo agree that a Protective Order should be entered by the Court in this matter.  As of the time of this letter, the Government and Wells Fargo have not reached agreement on the terms of such an Order.  In the event that they cannot reach agreement by the date of the Initial Pretrial Conference, the parties will be prepared to discuss their competing positions with the Court and to file any supporting papers the Court deems appropriate.

1. <u>Nature of the Action and Principal Defenses Thereto</u>

This is a civil action by the Government to recover treble damages and civil penalties under the False Claims Act ("FCA"), as amended, 31 U.S.C. §§ 3729 *et seq.*, and civil penalties under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a, arising from fraud allegedly perpetrated by Wells Fargo on HUD in connection with the bank's FHA residential mortgage lending business.  In brief, the Government alleges that Wells Fargo knowingly made false statements material to payment of false claims and knowingly submitted and caused to be submitted false claims for mortgage insurance to FHA.  According to the Government, Wells Fargo's misconduct falls into two overlapping categories. First, from May 2001 through October 2005, Wells Fargo engaged in a general practice of reckless retail FHA loan origination and loan underwriting and falsely certified to HUD that thousands of loans were eligible for FHA insurance when in fact those loans had not been properly underwritten, contained unacceptable risk, and were ineligible for

FHA insurance.  Thereafter, Wells Fargo knowingly submitted, or caused to be submitted, false claims for FHA insurance proceeds to FHA when these materially deficient loans defaulted.

Second, according to the Government, Wells Fargo intentionally failed to report to HUD, as required, over 6,000 loans that the bank had identified as being materially deficient and therefore ineligible for FHA insurance.  Wells Fargo did so despite being aware of HUD's clear requirements to report such loans so as to give HUD an opportunity to investigate the loans and request that the bank indemnify HUD or repurchase the loans, as appropriate.  Wells Fargo's intentional failure to report these materially deficient loans caused the Government to pay over $189 million in FHA insurance claims for loans that were not eligible for FHA insurance.

Wells Fargo disputes all allegations of wrongdoing in the Amended Complaint and set forth Affirmative Defenses in its Answer filed on November 1, 2013.

2. Jurisdiction and Venue

The Government asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3730(a) and that venue is proper in this judicial district pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b)(1), (b)(3), and (c) because the defendant can be found and transacts business in this judicial district.  Wells Fargo admits that it conducts business in this District but believes, as it set forth in its Motion to Dismiss, that it is too early to determine whether the case should be transferred to a more convenient forum because the Amended Complaint does not specify any misconduct in this district nor does it identify any allegedly deficient loan originated in this district.  Wells Fargo also asserts that, if the Government is granted leave to name the individual Wells Fargo Home Mortgage Vice President as a defendant in this action, the individual, who resides and works outside of this District, may have additional jurisdiction and venue defenses.  The Government believes that Wells Fargo has waived any improper venue defense by not asserting it in its motion to dismiss, pursuant to Fed. R. Civ. P. 12(h)(1), and that jurisdiction and venue will be proper in this District as to the proposed additional individual defendant.

3. Statement of Existing Deadlines, Due Dates, and/or Cut-Off Dates

There are no current deadlines, due dates, and/or cut-off dates known to the parties.

4. Outstanding Motions

There are no outstanding motions before this Court at the present time.  On September 24, 2013, this Court denied in part and granted in part Wells Fargo's Motion to Dismiss the Amended Complaint.

In a related matter, Wells Fargo filed a Motion to Enforce in the United States District Court for the District of Columbia on November 5, 2012, seeking declaratory and injunctive relief based on Wells Fargo's claim that the allegations in the Amended Complaint violate the terms of a valid and binding release entered through a Consent Judgment in that

action. The District Court therein denied that motion. *United States v. Bank of America Corp.*, 922 F. Supp. 2d 1 (D.D.C. 2013). Wells Fargo appealed that decision to the United States Court of Appeals for the District of Columbia. *United States v. Bank of America Corp., et al. and Wells Fargo Bank, N.A.*, No. 13-5112 (D.C. Cir.). The appeal will be fully briefed as of November 26, 2013. Oral argument has not yet been scheduled.

5. Discovery

In connection with the Government's investigation of Wells Fargo, among other things, the Government subpoenaed and Wells Fargo produced thousands of pages of documents and information. No further discovery has occurred since the filing of this lawsuit. While the Government expects that the course of discovery may affect the parties' settlement positions, the parties are not aware of any specifically identifiable discovery necessary for the parties to engage in further meaningful settlement talks at this time.

6. Settlement Discussions

Prior to the Government's filing of the Complaint herein on October 9, 2012, the Government and Wells Fargo met on three occasions (September 27, September 28, and October 4, 2012), totaling several hours, to discuss matters protected by Federal Rule of Evidence 408. Following the Government's filing of the Complaint, the parties engaged in additional discussions over the course of the summer of 2013, also totaling several hours. Counsel will be prepared to provide additional details regarding the dates, length of time, and manner of those additional meetings at the Initial Pretrial Conference, upon the Court's request, in lieu of providing those details here. No further discussions are scheduled at this time.

7. Other Information

None.

Thank you for your consideration of this matter.

                        Respectfully submitted,

                        PREET BHARARA
                        United States Attorney

By:        /s/
          JEFFREY S. OESTERICHER
          SARAH J. NORTH
          REBECCA S. TINIO
          Assistant United States Attorneys
          Tel:  (212) 637-2698/2639/2774
          Fax:  (212) 637-2730

*Attorneys for Plaintiff United States of America*

By:        /s/
    William F. Johnson
    Douglas W. Baruch, *pro hac vice*
    Jennifer M. Wollenberg, *pro hac vice*
    FRIED, FRANK, HARRIS, SHRIVER
     & JACOBSON LLP
    Tel: (212) 859-8000
    Fax: (212) 859-4000

    Michael J. Missal, *pro hac vice*
    Amy Williams, *pro hac vice*
    K&L GATES LLP
    Tel: (202) 778-9000
    Fax: (202) 778-9100

    *Attorneys for Defendant Wells Fargo Bank, N.A.*

Enclosure