PREET BHARARA
United States Attorney for the
Southern District of New York
BY:     JEFFREY S. OESTERICHER
        SARAH J. NORTH
        REBECCA S. TINIO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2800
Facsimile No. (212) 637-2730
Jeffrey.Oestericher@usdoj.gov
Sarah.North@usdoj.gov
Rebecca.Tinio@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　Plaintiff,<br><br>　　　-against-<br><br>WELLS FARGO BANK, N.A.,<br><br>　Defendant. | 12 Civ. 7527 (JMF)(JCF) |

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA**
**IN SUPPORT OF ITS MOTION TO AMEND ITS COMPLAINT**
<u>**TO JOIN AN ADDITIONAL DEFENDANT**</u>

Plaintiff United States of America (the "Government"), by and through its attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21, for leave to file a second amended complaint to join as a defendant Wells Fargo

executive Kurt Lofrano.[1]

**PRELIMINARY STATEMENT**

In the current action, the Government seeks to hold defendant Wells Fargo Bank, N.A. ("Wells Fargo") liable under the False Claims Act, 31 U.S.C. § 3729 ("FCA"), the Financial Institutions Reform, Reinvestment, and Recovery Act of 1989, 12 U.S.C. § 1833a ("FIRREA"), and certain common law causes of action for the bank's fraudulent practices in falsely certifying tens of thousands of materially defective mortgages for Federal Housing Administration ("FHA") insurance and submitting, or causing the submission of, false claims for FHA insurance after those materially defective loans defaulted. The First Amended Complaint ("FAC") alleges two distinct, but related, schemes:  (1) Wells Fargo's reckless underwriting of mortgage loans that the bank then falsely certified to the U.S. Department of Housing and Urban Development ("HUD") as eligible for FHA insurance from May 2001 through October 2005; and (2) Wells Fargo's failure to report to HUD, as required, thousands of loans that Wells Fargo had certified as eligible for FHA insurance between January 2002 and December 2010, but which the bank learned – through HUD-required quality control processes – were ineligible because of material violations of HUD requirements and/or fraud.

Through the instant motion, and in connection with the second fraudulent scheme alleged in the FAC, the Government seeks leave to join as a defendant the individual bank executive – Kurt Lofrano ("Lofrano") – who played a critical role in the bank's decision not to report to HUD, as required, more than six thousand materially defective loans that Wells Fargo had falsely certified to HUD for FHA insurance. Throughout the relevant period, the years 2002

---

[1] The proposed Second Amended Complaint ("SAC") is appended as Exhibit 1 to the accompanying Declaration of AUSA Sarah J. North, sworn to November 22, 2013 ("North Decl."). A redline comparison, without exhibits, of the SAC to the First Amended Complaint is attached as Exhibit 2 to the North Decl., for the Court's convenience.

through 2010, Lofrano was Wells Fargo's Vice President in charge of quality control. In that position, he was responsible for Wells Fargo's self-reporting policies and practices, knew of HUD's requirement that the bank must report in writing loans affected by fraud and other serious violations, and knew that Wells Fargo had identified thousands of such loans. Nonetheless, Lofrano purposely did not report the vast majority of these materially defective loans to HUD. Instead, Lofrano kept the bad loans a secret from HUD even though he knew that a false claim for FHA insurance would be submitted by Wells Fargo (or third parties to whom the loans were sold) in the event the loans defaulted. That fraudulent conduct resulted in HUD paying more than $189 million in FHA insurance for loans that were ineligible for the FHA program. The Government seeks to hold Lofrano jointly and severally liable with Wells Fargo under the FCA and FIRREA for his role in this fraudulent scheme.

All of the factors considered by courts in weighing motions for leave to amend support granting the Government's motion. First, because these allegations are already at issue in the pending suit against Wells Fargo and the parties have yet to begin discovery, Wells Fargo will not be unduly prejudiced by the Court granting the Government's request. Second, the claims that the Government seeks to assert are not futile, as the Court has already ruled on the validity of the Government's theories of liability under the FCA and FIRREA, and Lofrano will have the opportunity to seek dismissal on other grounds. Third, there has been no undue delay, because the Government did not receive authority to sue Lofrano until after the bank's motion to dismiss was fully submitted, and did not make a final determination to bring the proposed action against Lofrano until the day it informed Wells Fargo of its intention to do so, November 1, 2013. Finally, the interests of judicial economy support joinder because a separate suit against Lofrano for conduct already at issue here would be highly inefficient and would be referred to

this Court as a "related" case and possibly consolidated herewith, in any event.  Therefore, the Government's motion for leave to join Lofrano as a defendant should be granted.

## ARGUMENT

The Government's motion to join its claims against Lofrano in the instant action should be granted pursuant to Federal Rules of Civil Procedure 15 and 21.  Rule 15(a)(2) provides that, aside from certain exceptions not applicable here, "[a] party may amend the party's pleading only with … the court's leave.  The court should freely give leave when justice so requires."  Such a "motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (internal citation and quotation marks omitted).  "If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party 'at any time, on just terms,' also governs." *Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 0121 (JPO)(JCF), 2013 WL 150027, at *2 (S.D.N.Y. Jan. 10, 2013) (quoting Fed. R. Civ. P. 21).  Rule 21, however, adds no further obstacle, as the "showing necessary under Rule 21 [is] the same as that required under Rule 15(a)." *Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012).[2] The considerations applicable to determining whether an amendment is appropriate all favor joinder of Lofrano in this action.

First, and most critically, no prejudice would result to Wells Fargo from joining Lofrano as a defendant at this pre-discovery stage.  "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to

---

[2] The amendment to join Lofrano as a defendant also is proper under Fed. R. Civ. P. 20(a)(2), as the Government will allege that he is jointly and severally liable, along with Wells Fargo, for conduct "arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "question[s] of law or fact common to all defendants will arise in the action."

4

conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010). As the party opposing amendment, Wells Fargo bears "the burden to show prejudice." *See Danaher*, 2013 WL 150027, at *2 (internal citation and quotation marks omitted). It cannot meet that burden. Wells Fargo cannot fairly assert that it will have to expend significant additional resources based simply upon joinder of a co-tortfeasor, or that there will be a significant delay of the final resolution. On the contrary, discovery has yet to begin, and no trial date has been set. *See Spanierman Gallery, PSP v. Love*, 320 F. Supp. 2d 108, 113 (S.D.N.Y. 2004) ("Defendants can hardly be heard to complain of undue delay or prejudice because the case has not even proceeded to discovery."). In addition, the proposed amendment would add no new claims against Wells Fargo. *See Banco Central Del Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649 (JFK)(FM), 2003 WL 21543543, at *4 (S.D.N.Y. July 8, 2003) (addition of claims against individual defendants based on same legal theories as those against original bank defendants not prejudicial to bank). Further, discovery on the already-asserted claims will encompass the facts underlying the Government's proposed claims against Lofrano; indeed, paragraphs 123 and 125 of the FAC already identified Lofrano by title and alleged his involvement in the misconduct. Therefore, Wells Fargo would not be prejudiced by joining Lofrano even if discovery already had begun. *See Michael Anthony Jewelers, Inc. v. Peacock Jewelry, Inc.*, 795 F. Supp. 639, 644-45 (S.D.N.Y. 1992) (corporate counter-defendant not prejudiced by amendment near close of discovery joining as co-counter-defendants corporate officers who allegedly made or controlled all major policy and directional decisions on corporation's behalf, where discovery "would encompass essentially the same issues regardless of whether or not they were added").

Second, the amendment proposed here is not futile. An "[a]mendment is futile if the proposed amended complaint could not survive a motion to dismiss." *See Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (granting motion to amend complaint to add claims against new defendant). Here, the SAC alleges more than sufficient facts to state claims against Lofrano under the FCA and FIRREA. The allegations underlying those claims parallel those which the Government asserted against Wells Fargo in the FAC (and continues to assert in the SAC) – and which the Court already held to be facially valid in denying Wells Fargo's motion to dismiss those claims. *See* Opinion and Order, Dkt. No. 45 (Sept. 24, 2013).

Among other facts related to Wells Fargo's failure to self-report materially defective loans, the Government alleges that Lofrano was the Wells Fargo executive in charge of Quality Control. SAC ¶¶ 5, 35, 37, 125. Among other responsibilities, he was charged with receiving and reviewing the Wells Fargo Quality Assurance and Fraud Risk Management departments' findings with respect to loans containing material underwriting violations and suspected fraud and misrepresentations, as well as for formulating and executing Wells Fargo's reporting policies. *Id.* ¶ 35. However, despite knowing HUD's reporting requirements, Lofrano failed to report any bad loans to HUD prior to October 2005. *Id.* ¶¶ 124-132. This abject failure to self-report occurred even though Lofrano headed up a working group to address this precise issue in April 2004. *Id.* ¶ 125. And even after HUD had questioned Wells Fargo's lack of self-reporting in a review conducted in 2005, Lofrano's working group agreed to report only a paltry amount of bad loans, even concealing loans which the group suspected involved fraud. *Id.* ¶ 133. All the while, Lofrano signed a certification every year to HUD as Wells Fargo's Vice President averring that Wells Fargo was complying with all of the HUD obligations necessary to

6

participate in the Direct Endorsement Lender program, including its reporting requirements. *Id.* ¶¶ 38-39. As a result of Lofrano's and the bank's fraud, HUD paid out more than $189 million in FHA insurance claims – most of which was paid to Wells Fargo as the holder of the mortgages – on defaulted loans that Lofrano and Wells Fargo knew were ineligible for the program. *Id.* ¶ 136.

Accordingly, under both the FCA and FIRREA, Lofrano may be held jointly and severally liable with Wells Fargo. *See Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev.*, 934 F.2d 209, 212 (9th Cir. 1991) ("Where one or more persons have committed a fraud upon the government in violation of the FCA, each is joint and severally liable for the treble damages and statutory penalty."); *U.S. ex rel. Augustine v. Century Health Services, Inc.*, 136 F. Supp. 2d 876, 895 (M.D. Tenn. 2000) ("Under the FCA individuals and corporations can be held jointly and severally liable."); *see generally United States ex rel. O'Donnell v. Countrywide Financial Corp.*, No. 12 Civ. 1422 (JSR), --- F.Supp.2d ----, 2013 WL 4437232 (S.D.N.Y. Aug. 16, 2013) (holding that FIRREA claims were stated against bank and its executive). As such, the Court should allow the Government to join its claims against Lofrano here. *See Vulcan Soc. of Westchester County, Inc. v. Fire Dept. of White Plains*, 82 F.R.D. 379, 388 (S.D.N.Y. 1979) (granting amendment to join individual defendants alleged to be jointly and severally responsible with one or more of the present defendants for policies and practices which were subject of the complaint).

Third, there has been no undue delay or bad faith. This Office received Department of Justice authority to file an action against the Wells Fargo executive in late April 2013, after the bank's Motion to Dismiss had been fully submitted and argued, and was pending before the Court. As that motion raised several potentially dispositive issues, the Government

did not seek to amend until after the Court's Opinion and Order on that motion was decided on September 24, 2013. Shortly thereafter, on October 1, 2013, this action was stayed as a result of the shutdown of the Government, pursuant to Chief Judge Preska's Standing Order, until October 17, 2013. Thereafter, this Office again considered the issue of whether to assert claims against Lofrano and ultimately made a final decision to do so on November 1, 2013. On that same day, the Government informed Wells Fargo of the Government's intention to seek leave to join Lofrano as a defendant, and informed the Court in the parties' joint letter submitted in advance of the initial pretrial conference on November 7, 2013. Moreover, even if the Court finds delay here, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Hinds County v. Wachovia Bank N.A.*, 885 F. Supp. 2d 617, 631-32 (S.D.N.Y. 2012).

Finally, the interests of judicial economy weigh strongly in favor of granting leave to amend. A separate action against Lofrano would be based upon the same facts and virtually identical legal theories as the failure to self-report allegations in the FAC. As such, upon filing the separate action, and in accordance with Local Civil Rule 1.6(a), the Government would identify it as "related" to the instant case "in order to avoid unnecessary duplication of judicial effort." That a new action on the same underlying facts properly would be referred to Your Honor as "related," and potentially consolidated with this action in any event, further supports granting the Government's motion. *See On Glory Enters. Ltd. v. Fashion 88 Ltd.*, No. 02 Civ. 9344 (NRB), 2004 WL 513832, at *1 (S.D.N.Y. Mar. 16, 2004) (granting amendment where new claims "revolve around" the same facts as those at issue in the pending action, such that, even were the motion denied and a separate action filed, it would be "referred . . . as a

related case and consolidated with this case anyway"); *see also* Rule 13(a) of the Local Rules for the Division of Business Among District Judges (setting forth the factors to be considered for consolidation of civil cases).

## **CONCLUSION**

For the foregoing reasons, the Government's motion for leave to file a second amended complaint joining Kurt Lofrano as a defendant should be granted.

Dated: New York, New York
November 22, 2013

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

By: ___s/ Sarah J. North_____
JEFFREY S. OESTERICHER
SARAH J. NORTH
REBECCA S. TINIO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2800
Facsimile No. (212) 637-2730
Jeffrey.Oestericher@usdoj.gov
Sarah.North@usdoj.gov
Rebecca.Tinio@usdoj.gov