UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Plaintiff,

        -against-

WELLS FARGO BANK, N.A.,

    Defendant.

12 Civ. 7527 (JMF)(JCF)

# REPLY MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA IN SUPPORT OF ITS MOTION TO AMEND ITS COMPLAINT TO JOIN AN ADDITIONAL DEFENDANT

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2698/2639/2774
Facsimile: (212) 637-2750
Email: Jeffrey.Oestericher@usdoj.gov
       Sarah.North@usdoj.gov
       Rebecca.Tinio@usdoj.gov

JEFFREY S. OESTERICHER
SARAH J. NORTH
REBECCA S. TINIO
Assistant United States Attorneys
– Of Counsel –

In its opposition brief, defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "the Bank") attempts to impugn the motives of the United States of America (the "Government") for moving to amend its complaint to join Kurt Lofrano ("Lofrano"), a Wells Fargo Vice President, as a defendant in this action.  Those reckless and unsupported allegations are completely false.

Contrary to Wells Fargo's suggestion, it is neither improper nor evidence of bad faith for the Government to seek to hold a bank executive accountable for a massive fraud on the United States in which he allegedly participated.  As detailed in the proposed Second Amended Complaint, Lofrano played a pivotal role in Wells Fargo's scheme to defraud the United States by failing to self-report to the United States Department of Housing and Urban Development ("HUD"), as required, thousands of defective Federal Housing Administration ("FHA") mortgages, and submitting claims for FHA insurance when those bad loans defaulted.  Likewise, there is absolutely no truth to Wells Fargo's ludicrous suggestion that this office is proposing to sue Lofrano in retaliation for Wells Fargo's decision not to engage in further settlement discussions.  Moreover, the Government did not delay unduly in seeking to join Lofrano as a defendant, and the Bank will suffer no prejudice as a result of the amendment.  Accordingly, the Government's motion for leave to join Lofrano as a defendant should be granted.

## ARGUMENT

As a threshold matter, Wells Fargo misstates in part the standard for evaluating a motion to amend.  Although Wells Fargo correctly recites that in considering a motion to amend, courts assess a number of factors, including undue delay, bad faith, futility of the amendment, and the resulting prejudice to the opposing party, *see* Wells Fargo Bank, N.A.'s Opposition to the United States' Motion to Amend Its Complaint ("Wells Fargo Opp.") at 4, the Bank wrongly asserts that the presence of any one of these factors -- including "undue delay" -- would defeat the proposed amendment, s*ee id.* ("leave to amend may be denied upon a showing of *any* of the following

factors . . .") (emphasis in original).  To the contrary, the law is clear that "no single factor is determinative."  *Oneida Indian Nation of N.Y. State v. Cnty. of Oneida*, *N.Y.*, 199 F.R.D. 61, 73 (N.D.N.Y. 2000).  In particular, "mere delay" alone should not defeat a proposed amendment.  *See Rotter v. Leahy*, 93 F. Supp. 2d 487, 499 (S.D.N.Y. 2000) ("Delay is an insufficient reason to deny a motion to amend."); *see also McGee v. Dunn*, 940 F. Supp. 2d 93, 108 (S.D.N.Y. 2013) ("Generally, mere delay, without a showing of bad faith or prejudice on the part of the plaintiff, does not constitute a basis for denying a motion to amend the complaint.").

Tellingly, Wells Fargo does not seriously discuss most of the factors that courts consider in deciding motions for leave to amend, arguing instead almost exclusively that the Government has unduly delayed in seeking to join Lofrano as a defendant.  *See* Wells Fargo Opp. at 4-8.[1]  However, the Government has already explained why there was no undue delay in proposing this amendment.  *See* Govt. Mot. at 7-8.  This office did not receive authority to sue Lofrano until Wells Fargo's motion to dismiss the First Amended Complaint had been fully submitted and argued to the Court, and there was a possibility at that time that the Government's case could be significantly altered by the Court's decision.  *Id.*  After the Court issued its ruling on September 24, 2013, as Wells Fargo now tacitly admits (*see* Wells Fargo Opp. at 3, 6 n. 3), the parties continued to explore a negotiated resolution (although the negotiations were forestalled in the first three weeks of October by the Government shutdown) until Wells Fargo terminated those discussions on October 29, 2013.  *See* Wells Fargo Opp. at 2, 3, 7.  A few days later, this office

---

[1] For example, Wells Fargo does not contend that the claims that the Government seeks to assert against Lofrano are futile, as the Court has already ruled on the validity of the Government's theories of liability under the False Claims Act and the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA").  *See* Wells Fargo Opp. at 6 n. 4.

2

made a decision to pursue claims against Lofrano and to propose this amendment.[2]  Accordingly, Wells Fargo's claim of undue delay is without merit.  Indeed, the facts here compare favorably with much longer delays found acceptable by courts in this Circuit.  *See, e.g.*, *Deere v. Goodyear Tire & Rubber Co.*, 175 F.R.D. 157, 165 (N.D.N.Y. 1997) ("For example, the Second Circuit has found that a three year delay from filing the initial complaint was an inadequate basis for denying a motion to amend a complaint when there was no showing of bad faith on the part of the plaintiff or prejudice to the defendant.") (citing *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380 (2d Cir. 1968)); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234–35 (2d Cir. 1995) (granting leave to amend over four years after complaint was filed); *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 734 F. Supp. 1071, 1078 (S.D.N.Y. 1990) (granting motion to amend submitted over three years after filing complaint since plaintiff set forth "colorable grounds" for amendment and defendant would not be unduly prejudiced).

Moreover, even if undue delay were established (which it has not been), Wells Fargo would still have to demonstrate undue prejudice or bad faith to defeat the proposed amendment. *See, e.g.*, *Rotter*, 93 F. Supp. 2d at 499; *McGee*, 940 F. Supp. 2d at 108.  Wells Fargo fails utterly on both fronts.

The Bank bears the burden to demonstrate undue prejudice, *Oneida Indian Nation*, 199 F.R.D. at 77, which courts consistently consider the most important factor in evaluating a motion to amend, s*ee, e.g.*, *Laurent v. PricewaterhouseCoopers LLP*, No. 06 Civ. 2280 (JPO) (KNF), 2012 WL 3614043, at *4 (S.D.N.Y. Aug. 15, 2012) ("Prejudice to the opposing party is the most important factor a court must consider when determining whether to grant a motion to amend."); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005).

---

[2]  Pursuant to Department of Justice policy, this office is in the process of meeting with counsel for Lofrano and will consider counsel's arguments before filing a Second Amended Complaint (should leave be granted by this Court) or a separate action against Lofrano.

To show undue prejudice, Wells Fargo must demonstrate that, for example, the proposed amendment would require the Bank to expend significant additional resources to conduct discovery and prepare for trial, or would significantly delay the resolution of this matter. *See, e.g.*, *Oneida Indian Nation*, 199 F.R.D. at 76-77. Those considerations are plainly absent here, as the allegations in the proposed Second Amended Complaint are already at issue in the pending suit against the Bank and the proposed amendment adds no new claims against the Bank.

Wells Fargo nonetheless attempts to manufacture a claim of prejudice by citing to the fact that "discovery already has commenced." Wells Fargo Opp. at 7. But, as the Bank is well aware, discovery is in its very earliest stages, s*ee* Dkt. No. 63 (Case Management Plan entered on November 14, 2013), and there would be no prejudice to the Bank, let alone undue prejudice, from allowing the proposed amendment at this time. *See, e.g.*, *TIG Ins. Co. v. Century Indem. Co.*, No. 08 Civ. 7322 (JFK) (THK), 2009 WL 959653, at *3 (S.D.N.Y. Apr. 8, 2009) (granting leave to amend when "the parties had only exchanged initial disclosures, had not even begun documentary discovery, and had taken no depositions"); *Oladokun v. Ryan*, No. 06 Civ. 2330 (KMW), 2009 WL 857460, at *5 (S.D.N.Y. Mar. 31, 2009) (granting leave to amend "[c]onsidering the early stage in the proceedings, the limited discovery that the parties have conducted, and the negligible likelihood of prejudice to Defendants"); *see also Michael Anthony Jewelers, Inc. v. Peacock Jewelry, Inc.*, 795 F. Supp. 639, 644-45 (S.D.N.Y. 1992) (counter-defendant not prejudiced by amendment near close of discovery joining as co-counter-defendants corporate officers who allegedly made or controlled all major policy and directional decisions on corporation's behalf, where discovery "would encompass essentially the same issues regardless of whether or not they were added"). Furthermore, the fact that "Wells Fargo already has formulated and submitted its Answer and Affirmative Defenses to a prior version of the

4

Complaint," Wells Fargo Opp. at 7-8, is not grounds to deny the proposed amendment. *See Laurent*, 2012 WL 3614043, at *5 (defendant's "concern that [it] will have to file a new answer is neither prejudicial, nor a reason to deny a motion to amend").

In the face of its inability to demonstrate undue prejudice, Wells Fargo contrives a completely unfounded theory that the Government is proposing to add an individual defendant in order to retaliate against the Bank for terminating settlement discussions. Wells Fargo Opp. at 2, 7. It is plain from the face of the Bank's opposition that absolutely no facts or evidence support this conjecture. Indeed, Wells Fargo's accusation is offensive. The decision whether to seek to join Lofrano as a defendant was made strictly on the merits. Specifically, this office is seeking to join him because of his alleged participation in the Bank's intentional failure to self-report thousands of materially defective FHA loans to HUD resulting in the submission of over a thousand false claims for FHA insurance when the bad loans defaulted.[3]

## CONCLUSION

For the foregoing reasons, the Government's motion for leave to file a second amended complaint joining Kurt Lofrano as a defendant should be granted.

Dated:  New York, New York
      December 6, 2013

---

[3] Wells Fargo's citation to *Rotter v. Leahy*, 93 F. Supp. 2d 487 (S.D.N.Y. 2000), in support of its argument that "even if prejudice was completely absent, '[t]he possibility of bad faith is, in and of itself' grounds for denying a motion to amend" is misplaced. *See* Wells Fargo Opp. at 8 (quoting *Rotter*, 93 F. Supp. 2d at 496). A cursory review of that case reveals that the language quoted by Wells Fargo relates to the court's adjudication of a motion for judgment on the pleadings, not to a motion to amend, and that the *Rotter* court actually instructed elsewhere in its opinion that in connection with a motion to amend, the non-movant "must make a showing of substantial and undue prejudice." *Rotter*, 93 F. Supp. 2d at 499.

                                PREET BHARARA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for the United States of America

By:      ___s/ Jeffrey Oestericher_____
               JEFFREY S. OESTERICHER
               SARAH J. NORTH
               REBECCA S. TINIO
               Assistant United States Attorneys
               86 Chambers Street, Third Floor
               New York, New York 10007
               Telephone No. (212) 637-2800
               Facsimile No. (212) 637-2730
               Jeffrey.Oestericher@usdoj.gov
               Sarah.North@usdoj.gov
               Rebecca.Tinio@usdoj.gov