

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

June 2, 2014

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
40 Foley Square
New York, New York 10007

      Re:  *United States v. Wells Fargo Bank, N.A.*, 12 Civ. 7527 (JMF)

Dear Judge Furman:

      On behalf of plaintiff the United States of America (the "Government"), we write respectfully pursuant to the Court's Order dated May 28, 2014 (Dkt. No. 114), and in response to the letter submitted by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") on May 26, 2014 (Dkt. No. 112) ("Wells Fargo Ltr.").

      In the Government's letter motion seeking a four-month extension of the existing discovery deadlines (Dkt. No. 111), we explained the basis for our request:  Due to HUD's over-collection of records in connection with this litigation, as well as limitations contained in HUD's contract with its e-discovery vendor and the volume of potentially responsive records, the Government has been unable to timely produce documents in accordance with the current Case Management Plan.  The Government explained that going forward, using an appropriate list of 215 custodians and a new e-discovery vendor retained by the SDNY, we will be able to substantially complete the document production within four months.  We further acknowledged in our letter motion that Defendants have raised other specific discovery-related questions and issues (as have Plaintiff), but noted that these issues continue to be addressed through on-going negotiations between the parties.  Dkt. No. 111 at 3 n.4.

      Defendants do not oppose the request for an extension of discovery.  Indeed, Wells Fargo explicitly agrees in its response that "the discovery schedule must be extended."  *See* Wells Fargo Ltr. at 3.  Rather, Wells Fargo contends that there are "substantive" problems with the Government's document preservation, collection, and production efforts that will not be fixed by the new vendor, and that the bank will not be adequately protected from prejudice.  *Id.* at 1-3.  That is not correct.

      The only specific way in which Wells Fargo asserts that it will be prejudiced is its claim that the "drastically curtailed custodian list" is an effort by the Government to "speed up the process to overcome delays of its own making" at the expense of providing relevant records responsive to the bank's discovery requests.  *Id.* at 2.  This claim is mistaken for two reasons. First, as explained in the Government's letter motion, the list of 1,100 custodians from whom records originally were going to be collected was vastly over-inclusive and contained a substantial number of employees who would not have relevant, responsive records or whose

records would be duplicated in the files of other employees. Accordingly, the appropriate list of 215 custodians will provide full discovery to Defendants. Second, as discussed in the parties' meet and confer today, Plaintiff will provide Defendants with a detailed explanation of the rationale for the individuals who are included on the custodian list, and the parties will confer in good faith about the contents of the list. Defendants thus will have an opportunity to air their concerns with the Government and, if necessary, the Court, to avoid any prejudice.[1]

The remainder of the "substantive" concerns that Wells Fargo cites relate to request-specific issues that are being discussed among the parties in continuing discovery negotiations. *Id.* at 2. These concerns do not go to the Government's overall search and collection effort. Instead, the bank points to instances in connection with particular requests where the Government unintentionally did not timely provide either accurate or complete information. *Id.* at 2 & Attachment. The Government acknowledges that these instances occurred, albeit in the context of having received over two hundred discrete document requests from Defendants, and, as stated in the Government's letter motion, this Office will be actively involved in all aspects of HUD's discovery efforts going forward to ensure that the process goes smoothly. Moreover, we will continue to meet-and-confer with Defendants with respect to these discrete issues in a joint effort to avoid burdening the Court with discovery disputes.[2]

Likewise, Wells Fargo's suggestion that the Government's discovery delays impacted the Court's rulings on two previous discovery disputes is also unavailing. *See id.* at 3. First, Wells Fargo asserts that the revised custodian list is new information relating to discovery of materials concerning other Direct Endorsement Lenders ("DELs"), and that "Plaintiff should now re-assess its burden objections regarding other DEL discovery." *See id.* at 3. The length of the custodian list, however, does not materially alter the very substantial burden of collecting many of the categories of documents that the bank is seeking relating to the thousands of other DELs, including hard-copy records relating to the review of hundreds of thousands of individual loan files and programmatic data relating to all of these other lenders. And, in any event, the parties continue to meet and confer about these issues as ordered by the Court, and that process is ongoing. *See* Dkt Nos. 98, 108.

Second, Wells Fargo wrongly insinuates that the Court should revisit its ruling denying Wells Fargo's letter motion to obtain early discovery of the conclusions of the Government's re-

---

[1] As a frame of reference, the 215 HUD custodians – which does not include dozens of separate custodians from HUD's Office of the Inspector General ("HUD-OIG") – far exceeds the 127 individuals from whom Wells Fargo has said it intends to collect records in response to the Government's discovery requests.

[2] For example, Wells Fargo refers to examples where the Government lacked information about certain types of HUD documents and their locations. *Id.* at 2. In response to the bank's concern, this Office has made numerous trips to HUD in Washington, D.C., to meet directly with the employees with knowledge of the records at issue in order to obtain and provide correct information and ensure that the collection process is proceeding properly. These informational issues do not weigh against granting the requested discovery extension.

underwriting expert because the Government's opposing letter supposedly "erroneously led the Court to believe" that the Government had already produced information that it had not, in fact, produced. Wells Fargo Ltr. at 3 Wells Fargo maintains that the underlying data was not produced and speculates that this is "perhaps due" to the Government's discovery challenges. *Id.* The bank's suggestions and speculations are unfounded. In response to Wells Fargo's motion (Dkt. No. 101), in which the bank claimed that the Government had not identified any loans underlying its claims, the Government pointed to instances in which it had already identified thousands of the relevant loans, and described information and loan data that it intended to provide during fact and expert discovery. *See* Dkt. No. 103. Indeed, as Wells Fargo is aware, the Government has already produced the loans sought by Wells Fargo that comprised a previous sample, and the government has revealed the loans that will comprise the sample to be re-underwritten by the Government's expert. Accordingly, there has been no harm to the Defendants relating to this "loan identification" issue, and there is no reason that this issue should bear upon the Court's consideration of the Government's extension request.

More broadly though, the Government recognizes that it must address its discovery challenges as a whole in order to move forward and fulfill its obligations in this case. To do so, this Office has taken a number of steps to increase its involvement in and oversight of HUD's document collection and production, some of which are referenced in the Government's opening letter motion. *See* Dkt. No. 111. For example, this Office has committed to regular in-person trips to the agency, both to oversee document collection and production and also to gather information relevant to Defendants' questions. This Office has also substantially assumed responsibility for the production of electronic documents from HUD-OIG. We have made and anticipate continuing to make rolling productions throughout the discovery period.[3] Because of all of these steps, we are confident that the Government's document production can be substantially completed in accordance with the schedule proposed in the Revised Case Management Plan. *See* Dkt. No. 113.

We thank the Court for its consideration of this request.

          Respectfully submitted,

          PREET BHARARA
          United States Attorney

By:   */s/ Rebecca S. Tinio*
      JEFFREY S. OESTERICHER
      REBECCA S. TINIO
      CHRISTOPHER B. HARWOOD
      CALEB HAYES-DEATS
      Assistant United States Attorneys
      Tel: (212) 637-2698/2774/2726/2699
      Fax: (212) 637-2730

---

[3] Wells Fargo's effort to contrast its document productions to date of "millions of pages" goes only so far. Wells Fargo Ltr. at 3. Nearly all of the millions of pages are paper loan files responsive to one of the Government's document requests.

cc:  William F. Johnson, Esq.
    Douglas W. Baruch, Esq.
    Jennifer Wollenberg, Esq.
    *Counsel for Wells Fargo Bank, N.A.*

    Lewis J. Liman, Esq.
    Meredith Kotler, Esq.
    Liana Roza Vitale, Esq.
    *Counsel for Kurt Lofrano*