CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN

NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE

PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM BRENNEMAN
ARI MACKINNON
JAMES E. LANGSTON
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
JOHN V. HARRISON
CAROLINE F. HAYDAY
DAVID FLECHNER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

April 1, 2015

VIA ECF FILING

Honorable Jesse M. Furman
United States District Judge, S.D.N.Y.
40 Foley Square, Courtroom 1105
New York, NY 10007

    Re:  <u>United States of America v. Wells Fargo Bank</u>, 12 Civ. 7527 (JMF) (JCF)

Dear Judge Furman:

  Pursuant to Local Civil Rule 37.2 and this Court's Individual Rules, Defendant Kurt Lofrano respectfully requests an informal conference and/or an order compelling the government to add to its custodian list certain U.S. Department of Housing and Urban Development ("HUD") employees. Wells Fargo joins in this request for relief. We have identified a discrete group of HUD employees (Appendix A), all of whom dealt with HUD's self-reporting guidelines or the 2005 HUD national audit of Wells Fargo. Mr. Lofrano's defense depends, in substantial part, on the fact that during any period of time when his responsibilities included self-reporting, he acted pursuant to a good faith interpretation of those guidelines, which interpretation was consistent with the contemporaneous understanding of other HUD employees, Wells Fargo employees, and/or Direct Endorsement Lenders ("DELs"), and with feedback from HUD employees, including during the 2005 national audit. Based on our ongoing review of the government's production, we believe that documents in the custody of these employees will support that defense. Despite repeated efforts to discuss this issue and to have the government add this discrete group of custodians, the government has not done so.

**<u>Repeated Attempts to Obtain Information About the Government's Custodian List</u>**

  After the November 18, 2014 conference, on November 21, 2014, we and Wells Fargo wrote the government to raise several discovery issues, including the government's custodian list. We requested an updated custodian list and noted the parties' need to test the adequacy of the list, which had been drastically reduced by the government from 1100 to 215 custodians in April 2014. On December 8, 2015, we again wrote the government for the information.

  On January 5, 2015, the government provided an updated custodian list with 297 names. On January 14 and 15, we and Wells Fargo again sought information about the list and an opportunity to discuss its completeness. At that point, the government had not begun any

production of individual custodial documents. During 2014, the HUD documents produced by the government relevant to its self-reporting allegations largely consisted of publicly available HUD Handbooks and Mortgagee Letters, and a small set of audit material documents.[1]

The government did not agree to meet and confer regarding its custodian list until February 11. We raised a series of questions designed to understand the government's custodian list, including determining which HUD sections had self-reporting responsibilities. After approximately 30 minutes, however, the government cut off our inquiry, taking the position that it would not answer our questions unless Wells Fargo provided certain information about Wells Fargo custodians. The government stated that it would only answer our questions outside the presence of Wells Fargo, and only if we agreed not to share the information with Wells Fargo.

In an effort to move forward, we agreed to speak separately with the government, on the evening of March 2.[2] During that meeting, the government disclosed that within HUD headquarters, the section primarily responsible for dealing with self-reporting guidelines was the Office of Lender Activities, Quality Assurance Division ("QAD") and that its custodian list did not include line-level employees within QAD. We inquired, among other things, about the number of QAD line-level employees during the relevant period (2001-2010). The government undertook to provide answers shortly. When we heard nothing, on March 9, we wrote again.

**Specific Custodians Proposed to the Government**

Having failed to progress over several months, on March 11, we sent the government a list of 14 HUD employees and asked that they be added to the custodian list or that the government explain why they should not be added. We compiled this list based on our ongoing review of the approximately 6.6 million pages of custodian documents that the government produced in mid-February and early March. Each of these persons received communications regarding self-reporting or the 2005 HUD national audit of Wells Fargo (which led to a finding concerning self-reporting guidelines), and thus should be in possession of relevant documents. With no response a week later, on March 17, we sent an additional list of 9 HUD employees who, based on our review of government documents, had self-reporting responsibilities.

Later on March 17, the government disclosed that at any given time, there were only 4-6 line-level employees who served in QAD. Given this small set, we immediately requested that the government include on its custodian list those line-level employees for the period 2004-2007. The government responded by suggesting yet another meet and confer, "on a day in the coming weeks when there are no depositions." Notably, the government did not disclose how many line-level employees comprise this category, or the extent to which they overlap with the 23 HUD employees we identified. We suggested that an email response would be more efficient but also offered several days that week or the following Monday for a meet and confer, and the government chose the following Monday, March 23. Per the government's request, we sent in advance example documents we had found.

At the March 23 meet and confer, the government asked which of the names we wanted to prioritize. Noting that all should be prioritized, we nonetheless identified five names (Hight, Kelly, Cortinas, Febles, and McCloskey) as well as the category of QAD line-level employees from 2004-2007. The government represented that certain of the employees, while they worked on the 2005 national audit, likely did not have responsibilities relating to self-reporting. (Those

---

[1] Wells Fargo was able to identify 21 individuals not included on the list, based on prior disclosures and other documents. On January 30, 2015, the government agreed to include three of the 21 identified by Wells Fargo. Two months later, their documents have yet to be produced.

[2] In the interim, on February 20 and 25, the government agreed to include three additional persons identified in Wells Fargo's January 15 letter. Their documents still have not been produced.

Honorable Jesse M. Furman, p. 3

persons are not included in our request or Appendix A). The government promised to respond by the end of the week, but then later advised it needed until the following week.

On the evening of March 30, the government offered to add a single custodian (McCloskey) and to "continue" its investigation of a second custodian (Febles), both of whom the government maintained may have had unique responsibilities regarding self-reporting. The government did not dispute that the other employees had self-reporting responsibilities. Rather, it maintained that there "was no reason to believe" they "had any responsibilities relating to self-reporting that would differentiate them from any other line-level QAD or HOC QAD employee."

This response misses the point and is in tension with the government's request that Wells Fargo add 87 underwriter custodians and their supervisors (Wells Fargo agreed to add a substantial number). The standard for identifying custodians with potentially relevant information is not whether they have responsibilities that are unique or different from others selected by the government. We have identified a discrete set of HUD employees, whom the government *does not dispute* have relevant documents. Nor has the government even tried to argue that adding the identified custodians would be burdensome. While the government has a lengthy list of custodians, that list was self-selected; it does not preclude Mr. Lofrano from requesting documents from a discrete group relevant to the claims against *him* and *his* defenses.[3]

**David Corley Audorff**

Separately, our review of the government's ongoing custodian production in February and March found unquestionably relevant documents authored by HUD employee David Corley Audorff. At the deposition of another HUD employee on March 24, the witness was shown two documents from 2010 in which Mr. Audorff (1) noted that directors could not agree on what mortgagees self-report; and (2) proposed the removal of guideline language regarding the self-reporting of "serious violations," which language is the crux of the government's allegations against Mr. Lofrano. We immediately called for the production of Mr. Audorff's documents, and followed up in writing that evening and again on March 27 and March 29. One week after the deposition, the government still has not responded, other than to say that it is "still investigating" whether it will produce Mr. Audorff's documents.

In the face of the documents already identified, we cannot understand why the government has not agreed that it will produce responsive Audorff documents that are maintained on HUD's system, and if necessary take steps to identify whether Audorff documents are maintained on backup tapes. Given the delays in the government's provision of information and production of custodian documents, *see* nn. 1&2, we are concerned that we will not receive Mr. Audorff's documents in time to meaningfully review them and depose him before the May 15 fact discovery cut off.[4]

**Conclusion**

After almost five months, the government has agreed to add only a single custodian we identified and to inquire about adding one more. We respectfully request that the Court direct the government to immediately produce the documents of (1) Mr. Audorff; (2) line-level QAD personnel from 2004-2007; and (3) the HUD employees identified on Appendix A.

---

[3] The government suggested that we should not obtain the documents of additional custodians because we joined in Wells Fargo's March 10 letter motion addressing the excessive volume of the Government's recent production. We joined in that motion because large swathes of the production could have been produced much earlier. Our joinder is not in any way inconsistent with this request that the government either produce to us documents from relevant custodians or explain why the custodians we have identified are not relevant.

[4] The government complained that we made a "tactical decision" not to raise Mr. Audorff during the March 23 afternoon meet and confer. That is not the case and is immaterial as we raised him the very next day.

Honorable Jesse M. Furman, p. 4

We thank the Court for its consideration of this submission.

Respectfully submitted,

*Meredith Kotler*

Meredith E. Kotler

APPENDIX A

Roz Belvin
Charlie Cortinas
Rene Febles
Dean Fischer
Earl Greer
Jenise Hight
Genny Kelly
Bonnie McCloskey
Steve Merritt
Selva Mirles
Douglass Neff
Elayne Roberts
Maria Swartz
Lemar Wooley