CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM BRENNEMAN
ARI MACKINNON
JAMES E. LANGSTON
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
JOHN V. HARRISON
CAROLINE F. HAYDAY
DAVID FLECHNER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

April 24, 2015

VIA ECF FILING

Honorable Jesse M. Furman
United States District Judge, S.D.N.Y.
40 Foley Square, Courtroom 1105
New York, NY 10007

**Re: United States of America v. Wells Fargo Bank, 12 Civ. 7527 (JMF) (JCF)**

Dear Judge Furman:

We write as counsel for Kurt Lofrano, in opposition to the government's April 22, 2015 letter motion seeking an order limiting the scope of the Rule 30(b)(6) deposition noticed by Mr. Lofrano. Most of the topics noticed by Mr. Lofrano overlap with those in Wells Fargo's 30(b)(6) deposition notice, and we join in Wells Fargo's arguments concerning those.

We included four additional topics (Topics 16-19), which cover for the time period 2001-2010 alleged in the complaint: (i) the identification of HUD individuals who drafted or commented on drafts of self-reporting guidance, were responsible for monitoring or enforcing self-reporting guidance, or provided information to lenders concerning the meaning or interpretation of self-reporting guidance; and (ii) document retention practices and policies concerning HUD employees whose responsibilities involved self-reporting.

The government does not, and cannot, dispute the relevance of this requested testimony. Nor has the government identified any particular burden in providing testimony on these topics.[1] Indeed, the government should have already investigated this basic information over the course of this litigation, as part of its discovery obligations.

---

1 The party opposing the discovery sought must support its position with a "particular and specific demonstration of fact." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (internal citation omitted). It is not enough for the party to merely make conclusory statements. *Id.; Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010).

While the government claims that this information could instead be sought through interrogatories or document requests, significantly, the government has not pointed to any interrogatory response or specific document(s) produced which set forth the requested information. (Indeed, the information should have been provided as part of the government's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) – further underscoring the lack of burden to prepare a witness on these topics.) If the government believes it has produced such documents, it should identify them and represent that they provide complete and accurate information on the requested topics. We should not be required to sift through millions of pages of documents only recently produced by the government (although we have attempted to do so) in order to find it. *See IGT v. Alliance Gaming Corp.*, No. 2:04-cv-1676-RCJ (RJJ), 2006 WL 8071392, at *3 (D. Nev. Sept. 28, 2006) (where party sought to rely on document production to avoid 30(b)(6) deposition, party was required to specify particular documents within production that answered deposition topics). In any event, as the authority on which the government relies observes: "A party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered." *Dongguk*, 270 F.R.D. at 74 (internal citations omitted).

Likewise, we attempted to obtain this basic information through deposition testimony from the government witnesses we were able to identify from our review of documents. Those witnesses, however, claimed a lack of information or memory on many subjects, including a basic inability to identify all other HUD individuals whose responsibilities included the interpretation, implementation, and enforcement of self-reporting policies.[2] Indeed, while the government complains that we served the 30(b)(6) notice only one month ago (although most topics overlap with Wells Fargo's notice served on April 6, 2015), that is precisely because that is when it became apparent that we could not otherwise obtain the information through the other witnesses we noticed for deposition.

Finally, the government's assertion that Mr. Lofrano's requested discovery under Rule 30(b)(6) should somehow be limited by what the government chose to request from Wells Fargo, or by how Wells Fargo responded to such request, should be rejected. The government added Mr. Lofrano as a defendant in this action. He is a different party and is entitled to pursue his own litigation strategy.

---

2 For example, just this morning, we deposed a former HUD employee who was previously described in deposition testimony from another HUD employee and in at least one document produced by the government as having been involved in revising HUD Handbook provisions (from 2003) regarding self-reporting. The employee, who retired from HUD in 2006, testified that "self-reporting was the farthest thing from [her] mind," that she had no memory of matters related to self-reporting (including revising Handbook provisions), and that she had no memory of what the self-reporting provisions mean.

Honorable Jesse M. Furman, p. 3

We thank the Court for its consideration of this submission.

Respectfully submitted,

Meredith Kotler /SD

Meredith E. Kotler