**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____          │
│ DATE FILED:  05/07/2015  _____      │
└─────────────────────────────────────┘
```

May 6, 2015

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
40 Foley Square
New York, New York 10007

Re: <u>*United States v. Wells Fargo Bank, N.A.*</u>, 12 Civ. 7527 (JMF)

Dear Judge Furman:

  We write respectfully on behalf of plaintiff the United States of America (the "Government") to request an informal conference and/or an order finding that the deposition of Justin Burch, which counsel for defendant Kurt Lofrano purported to notice on Sunday, May 3, 2015, is unreasonably cumulative and unduly burdensome under Federal Rule of Civil Procedure 26(b)(2), as well as untimely. As set forth below, Mr. Lofrano and defendant Wells Fargo Bank, N.A. ("Wells Fargo" and, together with Mr. Lofrano, "Defendants") have already noticed or deposed twelve separate employees who worked in the same offices as Mr. Burch, namely the Washington, D.C. headquarters of the Department of Housing and Urban Development's ("HUD's") Office of Lender Activities and Program Compliance ("OLAPC") and Quality Assurance Division ("QAD") (which is a subdivision of OLAPC). Moreover, including Rule 30(b)(6) deponents, the parties have scheduled up to eighteen depositions for the week of May 11, 2015, more than three depositions per business day. Under the circumstances, the deposition of Mr. Burch would be both unreasonably cumulative and unduly burdensome. Finally, in attempting to notice Mr. Burch's deposition only twelve days before the end of fact discovery, Mr. Lofrano violated the parties' agreement to notice depositions at least two weeks in advance. Despite conferring with opposing counsel in good faith on May 5th, 2015, the parties have not reached agreement on this issue.

  Under Rule 26(b)(2)(C), "the court must limit the frequency or extent of discovery . . . if it determines that" the discovery sought is unreasonably cumulative or burdensome. Fed. R. Civ. P. 26(b)(2)(C). Moreover, in opposing the Government's application to limit the total number of depositions Defendants could take, *see* Dkt. No. 149, Mr. Lofrano argued that, "To the extent the government is concerned about burden or cumulative depositions, the [case management plan] already provides the appropriate relief: the government can object to any particular deposition notice as cumulative." Dkt. No. 153 at 3. The Court relied on this argument when deciding that application: "[A]s Lofrano concedes, the Government may object to any deposition notice that it believes to be cumulative." Dkt. No. 154 at 3 (citation omitted). Under any application of these standards, a deposition of Mr. Burch would be unreasonably cumulative and unduly burdensome.

  First, Mr. Burch's deposition would be cumulative. Defendants have already noticed or deposed twelve employees who worked in one or both of the HUD offices where Mr. Burch

worked, *i.e.*, OLAPC and QAD headquarters. Those deponents include Phil Murray, Nate Shultz, Volky Garcia, Joy Hadley, Mario Garcia, Marilyn Nowak, Tom Cook, Dan Rogers, Mark Ross, Corley Audorff, Charles Cortinas, and Jenise Hight. These twelve deponents do not include the many additional employees from other QAD offices in other HUD locations whom Defendants have noticed or deposed. Any information that Mr. Burch possesses about the practices at QAD's or OLAPC's headquarters, those offices' interpretation of HUD's self-reporting requirements, or headquarters' interactions with other QAD offices, was and is equally available to the many other employees Defendants have already noticed or deposed.

During the May 5th meet and confer, counsel for Mr. Lofrano suggested that they sought to depose Mr. Burch because he had relevant information concerning decisions that were made in 2010 about changes to HUD's self-reporting requirements. To the extent that Mr. Lofrano's counsel intended to refer to Mortgagee Letter 2011-02, they have already deposed Tom Cook, the individual at QAD who drafted that Mortgagee Letter. Moreover, Defendants undoubtedly believed that each of the twelve other employees from OLAPC and QAD headquarters that they already noticed or deposed had relevant knowledge of issues relating to self-reporting. To the extent that Defendants have not received the information they desire—either because the witnesses did not share their views of the requirements or because they did not recall events from five to ten years ago—Mr. Lofrano provides no reason to believe that the thirteenth attempt will succeed. Accordingly, the Court should find that the additional deposition of Mr. Burch would be cumulative. *See, e.g., CFTC v. Commodity Inv. Grp., Inc.*, No. 05 Civ. 5741 (HB), 2005 WL 3030816, at *2 (S.D.N.Y. Nov. 10, 2005).

Second, a deposition of Mr. Burch would be unduly burdensome. Including Rule 30(b)(6) deponents, the parties have scheduled a total of up to eighteen separate depositions during the week of May 11th through 15th, an average of more than three each business day. These depositions will not occur in the same place, but instead in Iowa, Minnesota, New York, North Carolina, and Washington, D.C. Moreover, many of the depositions the Government must defend during this week will be taken under Rule 30(b)(6), which requires the Government to undertake the additional effort necessary to prepare the witness to testify about the information reasonably available to HUD, rather than the deponent's personal knowledge. Scheduling a nineteenth deposition for this single week, with less than two weeks' notice, imposes an unreasonable demand on the Government.

Finally, Mr. Lofrano untimely noticed Mr. Burch's deposition. As Wells Fargo's counsel represented to the Court during the conference on April 27, 2015, the parties have operated under an agreement to notice depositions two weeks in advance. By attempting, on May 3, 2015, to notice Mr. Burch's deposition for May 15, 2015, Mr. Lofrano's counsel violated that agreement.

Prior to and during the May 5th meet and confer, Mr. Lofrano's counsel attempted to blame the Government for their delay in (purportedly) noticing Mr. Burch's deposition. Defendants have repeatedly deployed this tactic in the context of discovery disputes, contending that the Government has produced documents after the depositions of the custodians who possessed them, failed to produce documents from custodians it had previously agreed to add, released its privilege log late, or asserted overly broad privileges. *See. e.g.*, Dkt. Nos. 152, 153, 158, 163, 164, 168. These assertions are not only significantly overstated, but also wholly ignore

the fact that Wells Fargo has engaged in similar conduct. Excluding productions of loan files, Wells Fargo made productions of documents totaling nearly 56,000 pages on April 13th, 15th, 24th, 28th, and May 1st.[1] Many of these productions contained documents from individuals that the Government had already deposed. For example, the April 24th production contained, in total, over 700 documents from individuals the Government had deposed on March 24th, 25th, & 27th, and April 2nd, 9th, & 17th. Second, although Wells Fargo agreed on February 27, 2015, to provide documents from twenty-five underwriters and thirteen underwriting managers, the Government did not receive more than a handful of such documents before April 13th. Wells Fargo's April 24th production contained documents from eleven new such custodians (but with respect to a number of underwriters and underwriting managers, Wells Fargo has still produced fewer than ten documents). In any event, Mr. Lofrano's counsel has failed to articulate any supposed prejudice from the timing of the Government's productions that specifically prevented them from noticing Mr. Burch's deposition on an appropriate timetable.[2]

For these reasons, the Court should reject any argument that the Government is somehow to blame for Defendants' delayed notice of Mr. Burch's deposition. The real prejudice here is to the Government, from Defendants' continued unreasonable demands for yet more discovery. As set forth above, the Court should find that a further deposition during the week of May 11th would be unreasonably cumulative and unduly burdensome. We thank the Court for considering this request.

---

[1] The principal difference between Wells Fargo's productions and the Government's has been the volume, rather than the timing. This difference results from the fact that Wells Fargo's custodian list is significantly shorter than the Government's, and also that Wells Fargo has not retained the vast majority of its emails from the relevant period. Indeed, it appears that Wells Fargo has not produced a single custodial document from 58 of its custodians.

[2] Wells Fargo's privilege log fares no better. Wells Fargo did not serve its log until March 31, 2015, more than one week after the Government first served its log, and Wells Fargo served a revised log on April 24, 2015. On its log, Wells Fargo liberally and improperly withheld documents either under the Bank Examination Privilege or because they purportedly contained Confidential Supervisory Information. After being informed by the relevant regulatory entities, the Office of the Comptroller of the Currency and the Board of Governors of the Federal Reserve System, that the entities did not wish to assert those privileges as to the withheld documents, Wells has now agreed to produce numerous documents off its privilege log during the last days of fact discovery.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:    /s/ Caleb Hayes-Deats
       JEFFREY S. OESTERICHER
       REBECCA S. TINIO
       CHRISTOPHER B. HARWOOD
       CALEB HAYES-DEATS
       DOMINIKA TARCZYNSKA
       Assistant United States Attorneys
       Tel:   (212) 637-2698/2774/2726/2699
       Fax:   (212) 637-2730

Defendants shall file any opposition to this letter by 10 a.m. on May 8, 2015.

Counsel is reminded that letters seeking relief should be filed as letter
MOTIONS, not ordinary letters, in accordance with the Court's Individual
Rules and Practices and the SDNY ECF Rules and Instructions.

SO ORDERED.

May 7, 2015