```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/08/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                              Plaintiff,                               :    12-CV-7527 (JMF)
                                                                       :
         -v-                                                           :    ORDER
                                                                       :
WELLS FARGO BANK, N.A., et al.,                                        :
                                                                       :
                              Defendants.                              :
                                                                       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On April 17, 2015, Defendant Kurt Lofrano filed a letter requesting an order compelling the Government to produce certain documents withheld under the deliberative process privilege. (Docket No. 158). Upon review of the parties' submissions (Docket Nos. 158, 159, 161, 170, 177, 178, and 180), and an *in camera* review of the documents that remain in dispute, the request is DENIED. Substantially for the reasons explained in the Government's memorandum (Docket No. 170), the Court finds, after its *in camera* review, that the challenged documents are both pre-decisional and deliberative, and therefore covered by the deliberative process privilege. *See Brennan Ctr. For Justice at New York Univ. School of Law v. DOJ*, 697 F.3d 184, 194 (2d Cir. 2012). Lofrano asserts that, even if the documents qualify for the privilege, the Government's invocation of the privilege is procedurally defective. The Court is unpersuaded.

      First, Lofrano argues that an affidavit provided by an agency lawyer is always insufficient. (Docket No. 177 at 2). One Court has held that an affidavit from a general counsel is inappropriate, but that Court did not order the documents disclosed on that basis. *See In re Methyl Teritary Butl Ehter ("MTBE") Prods. Liab. Litig.*, 643 F. Supp. 2d 439, 443-444 (S.D.N.Y. 2009) (finding an affidavit from a general counsel to be inadequate but giving the

Government an opportunity to cure). In any event, other Courts have not taken issue with an affidavit submitted by a general counsel where, as here, the general counsel was properly delegated the authority to make privilege decisions. *See FTC v. Hope New Modifications, LLC*, No. 09-CV-1204 (JBS) (JS), 2011 WL 2634029, at *2 (D.N.J. July 5, 2011) ("The Court finds that the affidavit of plaintiff's General Counsel, Willard K. Tom, establishes that the communications at issue are privileged."); *In re Agent Orange Prod. Liability Litig*., 97 F.R.D. 427, 435 (E.D.N.Y. 1983) (noting that at least one Court had found the assertion of privilege by government counsel to be adequate where the Court also conducted an *in camera* review). Second, Lofrano argues that the HUD Declaration is too conclusory. (Docket No. 177 at 3). But the declaration gives as much detail as possible, given the nature of the interests at stake. Third, Lofrano notes that courts have criticized the Government for failing to produce the affidavit contemporaneously with the assertion of privilege. (Docket No. 177 at 3 n.3). Even the cases that Lofrano cites, however, did not deem the privilege waived as a result of the late production (*see id.* (citing *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11-CV-6746 (RKE) (HBP), 2014 WL 2518959, at *4 (S.D.N.Y. June 4, 2014); *Martin v. NYC Transit Auth.*, 148 F.R.D. 56, 60-62 (S.D.N.Y. 1993); *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 641 (S.D.N.Y. 1991)); and other cases — with which the Court agrees — have recognized that requiring contemporaneous affidavits would place too great a burden on the Government, *see FHFA v. JPMorgan Chase & Co.*, 978 F. Supp. 2d 267, 278-79 (S.D.N.Y. 2013). The Court therefore finds that none of these supposed deficiencies justify ordering the documents' disclosure.

Lofrano also argues that the Court should order disclosure of the documents at issue based on the timing and inadequacies of the Government's privilege log. (Docket No. 177 at 6-

7). The Court is somewhat dismayed (again) with how the Government has handled itself; given how long this case has been pending, and the May 15th discovery deadline, the Government should have taken steps to ensure that it could produce a proper privilege log (that is, a privilege log without demonstrable errors and rife with duplicative entries) earlier than it did. Nevertheless, given the vast scope of material requested by Defendants, as well as Defendants' own discovery deficiencies (including but not limited to when Wells Fargo produced its own privilege log), Lofrano's complaints about the privilege log do not rise to the level that would justify sanctioning the Government by requiring it to disclose privileged documents. *See, e.g.*, *Dey, L.P. v. Sepracor, Inc.*, No. 07-CV-2353 (JGK) (RLE), 2010 WL 5094406, at *2 (S.D.N.Y. Dec. 8, 2010) (explaining that whether waiver is warranted "depends on such factors as the length of the delay, the willfulness of the transgression, and the harm to other parties").

Finally, Defendants have also failed to demonstrate a need for the documents sufficient to overcome the privilege. *See Stinson v. City of N.Y.*, 304 F.R.D. 432, 435-36 (S.D.N.Y. 2015). Neither the first category of documents (drafts of HUD Mortgage Letter 11-02) nor the third (e-mail correspondence among HUD employees) is particularly relevant to Defendants' claims. While the second category of documents, draft findings related to HUD's review of selected lenders and loan files, may contain some information relevant to Defendants — namely, the findings in Doc. Nos. 20,663 and 1,784 relating to self-reporting — there is no reason why the final version of the document would not satisfy Defendants' needs given, among other things, the other discovery that Defendants have been able to take in this case.

Accordingly, it is hereby ORDERED that Lofrano's request for an order compelling the production of the identified documents is DENIED, without prejudice to renewal by letter motion with regard to Doc. Nos. 20,663 and 1,784 if the Government has not produced, or does

not agree to produce, final versions of the findings related to self-reporting contained in those two documents. Any such letter motion shall be filed within **one week** of the date of this Order.

The documents submitted to the Court for its *in camera* review shall be made part of the record and filed under seal. Counsel for the Government may have access to the sealed documents without further application to the Court.

SO ORDERED.

Dated: May 7, 2015
      New York, New York

_____
JESSE M. FURMAN
United States District Judge