**Fried, Frank, Harris, Shriver & Jacobson LLP**

801 17th Street NW
Washington, DC 20006
Tel: 202.639.7000
Fax: 202.639.7003
www.friedfrank.com



Direct Line:  202.639.7052
Email: douglas.baruch@friedfrank.com

June 3, 2015

**By ECF**

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1105
New York, NY 10007

      Re:     *United States v. Wells Fargo Bank, N.A. et al.*, No. 12-CV-7527 (JMF)

Dear Judge Furman:

      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully writes in response to the Government's June 1, 2015 letter-motion (Dkt. 203) and the Court's text order with respect to that letter-motion (Dkt. 204).  For the procedural and factual reasons set forth below, the Government's request is improper and unfounded, and Wells Fargo respectfully requests that the Court deny it in full.  As demonstrated herein, the Government's suggestion that Wells Fargo has refused to cooperate or otherwise withheld information that it was obligated to produce in discovery or pursuant to Local Rule 26.4's duty to cooperate is incorrect.

      As a matter of procedure, although the Government is seeking a Local Rule 37.2 conference to resolve a discovery dispute, it is telling that the Government has not complied with Local Rule 37.1's mandate that any motion or application involving discovery requests must "specify and quote or set forth verbatim in the motion papers each discovery request or response to which the motion or application is addressed."  The Government has not identified any timely or properly issued discovery request that includes the information it now seeks.  That omission is significant because the so-called "missing" information pertains to the same loans that the Government identified through a pre-litigation subpoena and that the Government included in exhibits attached to it initial complaint, filed in October 2012.  If the Government had such a need, why is there no timely Government discovery request for the information it presumably has needed for over two years and why did the Government fail to raise (prior to the close of fact discovery) Wells Fargo's supposed refusal to produce this information?  Moreover, the Government did not raise this "dispute" in the parties' joint letter to the Court dated May 15, 2015, which identified the "punch list" of discovery items that would need to be addressed even

Fried, Frank, Harris, Shriver & Jacobson LLP

Honorable Jesse M. Furman
June 3, 2015
Page 2

after the close of fact discovery.  Under these circumstances, the Government's citation to "basic principles of discovery" as a basis for demanding relief now is misplaced.[1]

Beyond these procedural points, the Government is wrong on the facts.  While the Government argues that it "needs both sets of identifying numbers," because "HUD generally has only the latter [which is a case number assigned by FHA],"[2] that unsupported assertion simply is not true.  In fact, standard documents provided to HUD by lenders (which, with respect to the ones relevant to this litigation, must still be in HUD's possession given document retention policies and requirements) have "both numbers," including (a) form HUD 92900-A, which has boxes for both the "lender's case number" and the "agency case number"; (b) the uniform residential loan application; and (c) form HUD 27011 – the form required for an application of insurance benefits – which includes boxes for both the "Mortgagee reference number" and the "FHA Case Number."

Wells Fargo repeatedly asked the Government why the information Wells Fargo had already produced did not provide the "crosswalk" information that the Government was requesting.  Among other points, Wells Fargo reminded the Government that, earlier this year, the Government itself already had generated *and provided to Wells Fargo* a crosswalk that provided the information the Government seemed to be asking Wells Fargo to provide.[3]  In fact, if the Government is now claiming that the relief it is seeking is some sort of *Wells Fargo* summary chart/spreadsheet that associates Wells Fargo's loan numbers with the FHA case numbers for the same loans, the Government's request is inexplicable since Wells Fargo provided such a chart/spreadsheet to the Government during fact discovery.  If that document is not sufficient, the Government should have explained to Wells Fargo (and the Court) why it is not.  And Wells Fargo repeatedly asked the Government whether it had even attempted to

---

[1] During the meet-and-confer, Wells Fargo asked the Government if it was suggesting that the parties reach an agreement – consistent with Local Rule 26.4(a) – by which information not sought during fact discovery still could be subject to mutual exchange, but the Government refused to respond to Wells Fargo's inquiry.

[2] The Government's contention that the loan files are not text-searchable omits necessary context.  First, it ignores the parties' agreement that each side would produce their records in accordance with their standard maintenance (*i.e.*, searchable text or not), and Wells Fargo complied fully with that agreement.  Second, it ignores the fact that the Government's expert presumably is reviewing each of the loan files produced and can readily locate, and record, the Wells Fargo loan number in the course of that review with little added burden.  If the Government is not reviewing the loan files, why did it demand Wells Fargo undertake the burden and expense of producing over 7000 files?

[3] In particular, the Government sent Wells Fargo an email in *February* that attached spreadsheets containing that exact data (with one column indicating FHA case number and the other column indicating Wells Fargo loan number) and that suggested the Government had already determined the correlation between the two sets of numbers with respect to approximately 800 loans.  *See* February 25, 2015 email from R. Tinio to Wells Fargo counsel ("Re: US v. WF - Sample loans").  While this list did not include each of the 7,000 loans the Government claims are at issue, it demonstrated that the Government can and already has compiled the very crosswalk information it now demands that Wells Fargo provide, post-discovery.

Fried, Frank, Harris, Shriver & Jacobson LLP

Honorable Jesse M. Furman
June 3, 2015
Page 3

identify the information it was seeking among Wells Fargo's production or from the Government's own records.[4]  But the Government refused to engage, and it never told Wells Fargo why it needed the information.  Indeed, Wells Fargo *first* learned that the Government needs the crosswalk for purposes of the Government's expert analyses when it read the Government's letter-motion.

Wells Fargo does not know what else the Government wants.  If the Government wanted Wells Fargo to verify the accuracy of the information Wells Fargo produced, it could have propounded a Request for Admission to that effect (just as Wells Fargo did with respect to certain Government documents), but it never asked Wells Fargo to do that and it never mentioned that need in the meet-and-confer (or in its letter-motion).  The bottom line is that, apart from the information in HUD's own files, the underlying loan documents which contain the information on an individual loan basis which Wells Fargo produced to the Government, the Government's own crosswalk between the two sets of numbers, and the chart already produced to the Government, Wells Fargo does not know what else the Government could possibly need.  And without that specificity, Wells Fargo cannot identify, as requested by the Court, "the means by which it could provide the requested data and how long it would take to produce it" (Dkt. 204).[5]

Accordingly, because (a) the Government cannot point to any discovery request that Wells Fargo has not complied with, and (b) Wells Fargo already has produced all of the information the Government seems to be saying it needs, Wells Fargo respectfully requests that the Court deny the Government's letter-motion.

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By:      /s/  Douglas W. Baruch
         Douglas W. Baruch, *pro hac vice*
         Jennifer M. Wollenberg, *pro hac vice*

         *Attorneys for Wells Fargo Bank, N.A.*

---

[4]   The Government's letter-motion also makes a veiled, unsupported reference to a spreadsheet of 16,000 loan numbers that Wells Fargo "generated" for HUD QAD.  (Dkt. 203 at n.1).  The Government never previously mentioned this spreadsheet and provides no context (in terms of time, place, purpose, or burden) with respect to that spreadsheet, nor does the Government say whether the data it currently is seeking is included in that document.

[5]   Surely, the Government cannot be contending at this point that it somehow "needs" Wells Fargo to undertake the effort to review each of the loan files to verify that the Wells Fargo and FHA loan numbers on any chart match up with the information in the loan file documentation, or that Wells Fargo is obligated under any discovery rule to do so.