**Fried, Frank, Harris, Shriver & Jacobson LLP**

801 17th Street NW
Washington, DC 20006
Tel: 202.639.7000
Fax: 202.639.7003
www.friedfrank.com



Direct Line:  202.639.7052
Email: douglas.baruch@friedfrank.com

June 22, 2015

**By ECF**

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1105
New York, NY 10007

Re:  *United States v. Wells Fargo Bank, N.A., et al.*, No. 12-CV-7527 (JMF) (JCF)

Dear Judge Furman:

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully writes in response to the Government's request for an extension to respond to two letter-motions (Dkt. 230).

Wells Fargo did not oppose a short, two-day extension for the Government's responses to the two letter-motions but did not consent to the week-long extension (which would have provided the Government with twelve days to respond rather than the standard three days) for the following reasons, as articulated to the Government in a June 22, 2015 email:

> Just last week, the Government opposed a Wells Fargo extension request on the principal ground that the Government believed that these and other fact discovery issues needed to be promptly resolved.  These are short letter motions on topics about which the Government has been aware of for several weeks.  We view the Government's lengthy request as inconsistent with the Government's position (and Judge Furman's practice).  That said, if the Government needs an additional two days – until this Friday – to respond to these two letter motions, you may tell the Court that Wells Fargo consents.

Further, Wells Fargo would like to clarify the record as the Government has suggested – more than once now – that Wells Fargo's letter-motions concerning Rule 30(b)(6) testimony have not been promptly filed.  (*See, e.g.*, Dkt. 225, at 3.)  In its extension application, the Government claims that "Wells Fargo waited until June 19, 2015, to file these letter motions." (Dkt. 230).  However, as the Government well knows, Wells Fargo was not able to take the last deposition of a Government Rule 30(b)(6) designee until June 2, 2015.  The Government also knows that the scheduling of that deposition was to accommodate the Government's schedule. In addition, the Government is well aware that following the meet-and-confers regarding Rule 30(b)(6) deposition issues – which occurred on both May 26 *and June 2* (during a break in and

New York ● Washington ● London ● Paris ● Frankfurt ● Hong Kong ● Shanghai
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Jesse M. Furman
Page 2

immediately following the above-referenced deposition) – Wells Fargo was expecting certain promised follow-up information from the Government that would have hopefully mooted the need for most, if not all, of the applications to the Court.  While Wells Fargo pressed the Government for that follow-up information on multiple occasions (including by email on May 26, June 5, June 10, and June 11), the Government not only failed to provide that information, it did not even respond to those Wells Fargo requests.

Notably, Wells Fargo's emails to the Government about these issues included the following language:  "We ask that the Government provide this information without further delay as we would like to resolve the outstanding discovery issues (or raise them to the Court if necessary) 'sooner rather than later' in keeping with Judge Furman's direction."  When the Government finally – on June 16 – sent a response email to Wells Fargo regarding just one of the Rule 30(b)(6) follow-up issues, but not even addressing the many other follow-up items that Wells Fargo had been asking about for weeks, Wells Fargo determined that Court intervention would be necessary.  Thereafter, Wells Fargo drafted and filed two letter-motions one day later, on June 17, and two additional letter-motions three days after the Government's non-responsive email, on June 19.

Wells Fargo obviously could have filed its letter-motions earlier, but wanted to give the required meet-and-confer process the full opportunity to have its intended effect.  Unfortunately, the Government's failure to engage regarding the requested follow-up information made the meet-and-confer process unsuccessful with respect to the particular issues Wells Fargo included in its applications to the Court.

Thus, the Government's claims regarding Wells Fargo's lack of diligence with respect to the Government's Rule 30(b)(6) testimony failures are "belied" by the true record of events.

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By:        _/s/ Douglas W. Baruch_____
          Douglas W. Baruch, *pro hac vice*
          Jennifer M. Wollenberg, *pro hac vice*

*Attorneys for Wells Fargo Bank, N.A.*