```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_06/30/2015_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                        :
UNITED STATES,                       :
                        :
               Plaintiff,     :
                        :
         -v-             :
                        :
WELLS FARGO BANK N.A., et al.,   :
                        :
             Defendants.   :
                        :
------------------------------------------------------------------------X

12-CV-7527 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      The United States brings this civil fraud action against Defendant Wells Fargo Bank,

N.A. ("Wells Fargo" or the "Bank") and a Bank employee, Kurt Lofrano (together with the

Bank, "Defendants"), alleging that Wells Fargo and Lofrano engaged in misconduct with respect

to government-insured home mortgage loans and seeking tens of millions of dollars in damages

and civil penalties.  In his answer, Lofrano asserted as a defense that he relied on the advice of

counsel and, consistent with that assertion, he testified at his deposition that he consulted

counsel.  (Answer & Aff. Defenses Def. Kurt Lofrano (Docket No. 94) ("Answer") 36; Decl.

Rebecca S. Tinio ("Tinio Decl."), Ex. B. at 120).  In light of Lofrano's defense, the Government

seeks to obtain discovery with respect to the advice that Lofrano received from counsel, relying

on the well-established principle that where a party asserts an advice-of-counsel defense, that

party impliedly waives any privilege that would otherwise attach to communications between

him and his counsel.  (Mem. Law. U.S. Supp. Mot. To Reopen Fact. Discovery Limited Purpose

& To Compel Prod. Document Def. Wells Fargo ("Gov't's Mem.") 7 (citing *United States v.

Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).  More specifically, the Government moves to

reopen fact discovery — which closed on May 15, 2015 — for the limited purpose of taking discovery concerning Lofrano's advice-of-counsel defense or, in the alternative, for an order barring Lofrano from asserting the defense.  (Docket No. 196; Gov't's Mem. 2).

The wrinkle in this case is that the attorney-client privilege at issue indisputably belongs to Wells Fargo — not to Lofrano — and Wells Fargo has (to all appearances) consistently invoked its privilege to protect the communications at issue, including, most recently, by objecting to questions at Lofrano's deposition that would have called for him to reveal any such communications.  (*See, e.g.*, Tinio Decl., Ex. B at 122).  Thus, the Government's motion presents a complicated — and, it turns out, unresolved — question of law: Whether an employee's intention to pursue an advice-of-counsel defense, without more, constitutes an implied waiver of the corporation's attorney-client privilege, even if the employee lacks authority to waive the privilege on behalf of the corporation, where the corporation has consistently asserted the privilege and where almost no privileged information has yet been revealed.  For the reasons stated below, the Court holds that Lofrano may not impliedly waive Wells Fargo's privilege by asserting an advice-of-counsel defense and that nothing Wells Fargo has done — yet — constitutes a waiver of the privilege.  Accordingly, it denies the Government's motion to reopen discovery, but without prejudice to renewal based on further developments.

As an initial matter, Defendants argue that the Court should deny the Government's request to reopen discovery solely on the grounds that it is untimely.  (Mem. Law Kurt Lofrano Opp'n U.S.'s Mot. To Reopen Fact Discovery & Compel Prod. Documents Def. Wells Fargo ("Lofrano's Mem.") 14-16; Wells Fargo Bank, N.A.'s Mem. Law Opp'n U.S.'s Mot. To Reopen Fact Discovery & Compel Prod. Documents ("Wells Fargo's Mem.") 9-13).  That argument is not without some force, as the Government has been on notice since Lofrano filed his answer (if

not before) that he was asserting an advice-of-counsel defense.  However, as the Government

notes (*see* Reply Mem. Law U.S. Further Supp. Mot. To Reopen Fact Discovery & To Compel

Prod. Documents Def. Wells Fargo ("Gov't's Reply") 1, 4), courts had held that, at least where a

party asserting an advice-of-counsel defense is the holder of the relevant privilege, the opposing

party need not move to compel; instead, the burden is on the "party who intends to rely at trial on

a good faith defense" to "make a full disclosure during discovery" and the "failure to do so

constitutes a waiver of that defense." *Arista Records LLC v. Lime Grp. LLC*, No. 06-CV-5936

(KMW), 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011) (internal quotation marks omitted).[1]

Given those holdings, and the relative novelty of the issue presented, the Court finds that there is

good cause for the Government's failure to raise the issue earlier than the present motion and

will address the merits of the motion.

Turning to the merits, the Government argues that Lofrano's assertion of the advice-of-

counsel defense waives the attorney-client privilege.  (Mem. Law U.S. Supp. Mot. Reopen Fact

Discovery Limited Purpose & To Compel Production Documents Def. Wells Fargo ("Gov't's

---

[1]     That is not to say, although the Government does say it (Gov't's Mem. 14; Gov't's Reply
2), that Lofrano forfeited his right to present an advice-of-counsel defense because he did not
seek to compel Wells Fargo to disclose privileged information.  The mandate for a party
asserting an advice-of-counsel defense to provide full disclosure during discovery simply means
that the party may not "block[] his adversary from conducting discovery on th[e] issue" by
asserting the privilege.  *E.G.L. Gem Lab Ltd. v. Gem Quality Insitute, Inc.*, 90 F. Supp. 2d 277,
296 n.133 (S.D.N.Y. 2000).  In this case, Lofrano has not blocked the Government from
pursuing anything; Wells Fargo has.  Indeed, until Lofrano's deposition, the Government did not
request any information from Lofrano about the advice-of-counsel defense. (Lofrano's Mem. 4-
5).  Nor did Lofrano withhold any information on privilege grounds until that point, and, even at
the deposition, he refused to answer questions only because Wells Fargo objected.  If the
Government believed that Wells Fargo's assertion of the privilege was improper, it was the
Government's responsibility to bring the issue to the Court's attention, not Lofrano's.  *See
Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F. Supp. 891, (S.D.N.Y. 1990) (noting that "[f]actual
matters reasonably likely to lead to the discovery of admissible evidence must be produced *upon
request*" and that "[w]here a party intends to rely . . . on the advice of counsel as a defense . . .
that advice becomes a factual issue" (emphasis added)).

Mem.") 7).  The principal cases upon which the Government relies, however, do not involve the wrinkle that is presented here; instead, they all involve the more usual situation where the party asserting the defense is the holder of the privilege.  *See, e.g.*, *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (stating that the "quintessential example" of a situation in which a waiver is implied "in the interests of fairness" is that "the defendant who asserts an advice-of-counsel defense . . . is thereby deemed to have waived his attorney-client privilege with respect to the advice that he received" (internal quotation marks omitted)); *Bilzerian*, 926 F.2d at 1292 ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.").  Those cases apply the well-established principle that a party may not "use the attorney-client privilege as both sword and shield," *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, No. 02-CV-2748 (DRH) (MLO), 2006 WL 3050883, at *4 (E.D.N.Y. Oct. 23, 2006), but that principle has no application here, as it is Lofrano who seeks to pursue an advice-of-counsel defense, but it is Wells Fargo (which is not asserting the defense (Wells Fargo's Mem. 13)) that seeks to protect the privilege.  Put simply, here, unlike in those other cases, "the sword and the shield are wielded by different parties."  *United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1144 (D. Mont. 2006).

The question, then, is whether principles of fairness compel a finding that Lofrano's assertion of his intent to pursue the defense waives Wells Fargo's privilege.  That is an unresolved issue, and the few courts to have reached it appear to be divided.  *Compare Moskowitz v. Lopp*, 128 F.R.D. 624, 637-38 (E.D. Pa. 1989) ("Although in theory the privilege belongs to the corporation, fairness dictates that it be waived where a corporate officer asserts the reliance on counsel defense."), *with Ross v. City of Memphis*, 423 F.3d 596, 597-98 (6th Cir. 2005) (holding that a municipal officer's assertion of the advice of counsel defense does not

constitute a waiver of the city's privilege).  In the Court's view, the better view is that, at least

where — as here — the relevant employee does not have authority to waive the privilege on

behalf of the corporation, *see, e.g.*, *Commmodity Futures Trading Comm'n v. Weintraub*, 471

U.S. 343, 348 (1985) ("The parties in this case agree that, for solvent corporations, the power to

waive the corporate attorney-client privilege rests with the corporation's management and is

normally exercised by its officers and directors."); *United States v. Ghavami*, 882 F.Supp.2d 532,

544 (S.D.N.Y. 2012) ("[A] corporate employee without authority cannot effect waiver of a

privilege that belongs to the corporation."), the privilege is not waived by the employee's mere

invocation of an advice-of-counsel defense during discovery.  Holding otherwise would mean

that almost *any* employee could waive the privilege, which would — in turn — "render[] the

privilege intolerably uncertain."  *Ross*, 423 F.3d at 604.  And as the Supreme Court has

cautioned, "[a]n uncertain privilege, or one which purports to be certain but results in widely

varying applications by the courts, is little better than no privilege at all."  *Upjohn Co. v. United

States*, 449 U.S. 383, 393 (1981).  Allowing any employee to waive the privilege by asserting an

advice-of-counsel defense could also create an incentive for plaintiffs to pursue claims against

individual employees in the hopes of forcing a waiver of the corporation's privilege.

      In arguing otherwise, the Government relies on the Second Circuit's decision in *In re

Grand Jury Proceedings*, 219 F.3d 175 (2d Cir. 2000), but that decision actually cuts against the

Government here.  In that case, the Second Circuit vacated a district court's finding that the

grand jury testimony of a corporation's chairman, chief executive officer, and founder waived

the corporation's attorney-client privilege even though the corporation itself had consistently

asserted its privilege.  *See id.* at 181, 184, 192.  The Court held that there are circumstances in

which a corporate officer may waive the corporation's privilege, even if the corporation objects,

but its reasoning does not support a finding of waiver here.  First, the officer in that case was a

much higher-ranking employee than Lofrano is.  (*See* Lofrano's Mem. 1-2 & n.1 (noting that

Lofrano "is several levels removed from Wells Fargo's executive management, and has no

ability to force Wells Fargo to disclose privileged documents").  Second, in *In re Grand Jury

Proceedings*, the Second Circuit cautioned that, in deciding whether the officer's testimony

constituted a waiver, the district court should ask "not whether the reference to the attorney's

advice was a deliberate attempt at exculpation, but rather whether it was a deliberate attempt *on

the part of the corporation* to exculpate itself, as opposed to [the officer's] effort to exculpate

himself personally."  219 F.3d at 188.  Here, there is no suggestion that Lofrano is attempting to

use privileged communications to exculpate Wells Fargo; instead, he seeks to defend himself

individually.  Further, although the Second Circuit did not decide the question, it instructed the

district court that the appellate record suggested that "it would be unfair to impute a waiver to

[the corporation]" based on the officer's discussion of counsel's advice because (1) the officer

was subpoenaed in his individual capacity; (2) even if the officer was using counsel's advice as a

sword, that would not mean that the corporation was also doing so; (3) the corporation had made

its assertion of privilege "unmistakably clear"; and (4) there was no prejudice to the opposing

party in deeming the privilege intact.  *Id.* at 189-90.  All of those factors also counsel against a

finding of waiver here: (1) Lofrano is being sued in his individual capacity; (2) Wells Fargo has

not pursued an advice-of-counsel defense; (3) Wells Fargo has made its assertion of privilege

"unmistakably clear" by asserting privilege in response to the Government's discovery requests

and objecting to Lofrano's discussion of communications with counsel during his deposition; and

(4) because no evidence has been introduced at trial or in a motion for summary judgment, and

Lofrano has disclosed almost no privileged information — either that would help him or that would harm him — there is, as of yet, no real prejudice to the Government.

That said, and as the Government notes in its reply, it is not yet clear whether Wells Fargo intends to object to Lofrano's assertion of an advice-of-counsel defense. (*See* Gov't's Reply 5 (noting that "Defendants studiously avoid any explanation of what Wells Fargo intends to do when Lofrano makes this anticipated defense")). Although Lofrano's mere statement that he intends to pursue such a defense — which is essentially all that has occurred thus far — does not waive Wells Fargo's privilege, Wells Fargo's failure to object to Lofrano's disclosure of privileged information in support of that defense at trial very well might. Relatedly — although the Court need not, and does not, resolve the question now — Lofrano's right to present a defense could conceivably overcome Wells Fargo's right to maintain its privilege. *Cf. W.R. Grace*, 439 F. Supp. 2d at 1137-45 (holding that a company's attorney-client privilege must "yield where its invocation is incompatible with a criminal defendants' Sixth Amendment right[]" to present a defense). Regardless, if Lofrano is ultimately allowed to disclose some otherwise privileged information in order to pursue his defense, the Court will have to decide both the scope of the privileged information that he is entitled to disclose, as well as the scope of what the Government would, in fairness, be entitled to pursue, either through questioning at trial or through limited additional discovery. Wells Fargo urges the Court to delay deciding those issues until "some later point in this case as trial approaches." (Wells Fargo's Mem. 20). But, given the impact that the Court's decisions are likely to have on the litigation, including potentially the need for further discovery, the Court believes the better course is to resolve the issue as soon as possible. The Court will address these issues further at the conference to be held

today.  Additionally, no later than **July 10, 2015**, the parties shall meet and confer, and submit a joint letter to the Court proposing both a procedure and a schedule for resolving these issues.

One final matter remains.  All parties filed their memoranda of law and associated papers under seal, but the only explanations that they have given are (1) the fact that the material has been marked confidential and (2) isolated statements that the documents contain confidential business information.  (*See* Docket Nos. 218, 220).  There is plainly, however, no basis to keep the papers, including legal analysis, under seal in their entirety.  *See, e.g.*, *MacroMavens, LLC v. Deutsche Bank Sec., Inc.*, No. 09-CV-7819 (PKC), 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) ("[P]laintiff has no discernable basis to contend that portions of the memoranda outlining the legal standard for excluding expert testimony ought to be sealed."); *see also Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866 (JMF), 2014 WL 4100615, at *23 (S.D.N.Y. Aug. 20, 2014) ("[A]lthough the Court recognizes that the documents at issue are confidential . . . , it sees no reason why the memoranda of law the parties filed in support of and in opposition to the instant re-designation motion should remain under seal, as the memoranda appear to contain only general descriptions of the documents rather than the confidential information itself."). Moreover, the mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis to overcome the presumption in favor of public access to judicial documents.  *See, e.g.*, *Dandong v. Pinnacle Performance Ltd.*, 10-CV-8086 (JMF), 2012 WL 6217646, at *2 (S.D.N.Y. Dec. 3, 2012) ("The consent of the parties is not a valid basis to justify sealing, as the rights involved are the rights of the public." (internal quotation marks omitted)); *Vasquez v. City of N.Y.*, No. 10-CV-6277 (LBS), 2012 WL 4377774, at *3 (S.D.N.Y. Sept. 24, 2012) (similar).  And furthermore, conclusory statements that documents contain confidential business information are a far cry from the "particular and specific demonstration of fact

showing that disclosure would result in an injury sufficiently serious to warrant protection" that is required to justify keeping the information under seal. *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 630 (S.D.N.Y.2011).  Accordingly, any party who believes that the papers should remain under seal or be filed publicly only in redacted form shall file a letter brief, not to exceed five pages and no later than **July 10, 2015**, addressing the propriety of doing so.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (discussing the presumption in favor of public access).  If no party files a brief justifying the maintenance of a particular document under seal or in redacted form, the relevant party shall publicly file an un-redacted version of the document within **two business days**.

SO ORDERED.

Date:  June 30, 2015
     New York, New York

                               JESSE M. FURMAN
                     United States District Judge