

Fried, Frank, Harris, Shriver & Jacobson LLP

801 17th Street NW
Washington, DC 20006
Tel: 202.639.7000
Fax: 202.639.7003
www.friedfrank.com

Direct Line: 202.639.7052
Email: douglas.baruch@friedfrank.com

July 10, 2015

**By ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1105
New York, NY 10007

      Re:  *United States v. Wells Fargo Bank, N.A., et al.*, No. 12-CV-7527 (JMF) (JCF)

Dear Judge Furman:

      Pursuant to this Court's July 30, 2015 Order (Dkt. 243), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully submits this letter-brief addressing the propriety of filing certain papers – supporting and opposing the Government's Motion to Reopen Fact Discovery for a Limited Purpose and to Compel the Production of Documents from Wells Fargo – under partial seal and/or in redacted form. For purposes of clarification, Wells Fargo does not request and has not requested permission to file the entirety of these papers under seal. Rather, in accordance with the Protective Order, Wells Fargo proposed limited redactions in order to maintain the confidentiality of certain underlying material. (*See* Dkts. 218, 220, 232.)

      In accordance with Protective Order procedure,[1] the parties took the following steps with respect to the Motion:

- On May 26, 2015, the Government emailed its Motion and supporting papers to the Court (Dkt. 196). On June 2, Wells Fargo proposed redacting two sentences within the Government's Memorandum of Law and one exhibit.

- Separately, on June 2, 2015, (a) Wells Fargo emailed its Opposition and associated exhibits to the Court – with proposed redactions of one sentence in its Opposition and three exhibits (Dkt. 206), and (b) Kurt Lofrano emailed his Opposition and associated exhibits to the Court (Dkt. 205), with respect to which Wells Fargo proposed redacting portions of fourteen sentences in Mr. Lofrano's Opposition and several exhibits.

---

[1]   This Court entered the Protective Order on March 21, 2014. (Dkt. 97.) The Protective Order specifies that a party seeking to file any papers containing or attaching Confidential information shall serve unredacted copies of the papers, along with any proposed redactions, via email and the other parties then have seven days to oppose the redactions or propose additional redactions. *Id.* ¶ 19. If the parties are not in agreement as to the redactions or the redactions extend beyond the "Redactions Not Requiring Court Approval" listed in this Court's Individual Rules and Practices, the parties are to so notify the Court. *Id.*

Fried, Frank, Harris, Shriver & Jacobson LLP

Hon. Jesse M. Furman
Page 2

- On June 8, 2015, the Government emailed its Reply in support of its Motion and associated exhibits to the Court. No party proposed any redactions to the Reply.

- On June 16, 2015, Defendants filed letter requests with the Court seeking leave to file their papers with the proposed redactions. (Dkts. 218, 220.)

- On June 22, 2015, the Government filed a letter request with the Court seeking leave to file its opening papers with the proposed redactions. (Dkt. 232.)

Under the Protective Order, "Confidential" information includes, *inter alia*, "non-publicly disclosed business plans, trade secrets, product development information, marketing plans, proprietary research or analysis, or internal policies or procedures" (Dkt. 97 ¶ 4). Public disclosure of commercial information could harm Wells Fargo by giving Wells Fargo's mortgage industry competitors unfair access to Wells Fargo's business practices and policies, which here includes specific information about how Wells Fargo structured and staffed its FHA mortgage business operations and how it developed and carried out policies with respect to its FHA mortgage business. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting appropriateness of courts' ability to deny access to records that are "sources of business information that might harm a litigant's competitive standing"). In apparent recognition that each individual FHA lender's mortgage business practices, policies, and procedures are proprietary and confidential such that they cannot be disclosed to other lender-competitors, the Government – in this litigation – has designated all responsive information about "other lenders" as either Confidential or "Highly Confidential" under the Protective Order.[2] By using this designation, the Government has restricted this type of information about other lenders in the possession of HUD from being disclosed to anyone from Wells Fargo other than counsel working specifically on this litigation. (*See* Dkt. 97 ¶ 16.)

Even so, recognizing that the memoranda of law in support of and in opposition to the Government's Motion are "relevant to the performance of the judicial function and useful in the judicial process," such that "the common law right of public access attaches," *Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866 JMF, 2014 WL 4100615, at *23 (S.D.N.Y. Aug. 20, 2014), Wells Fargo has proposed, as specified in the bullets below, very limited redactions of a small number of sentences in the memoranda in order to protect direct quotations from, paraphrases of, and specific descriptions of Confidential documents or testimony, all of which relate to aspects of Wells Fargo's FHA mortgage business strategy in terms of structure, policies, and procedures:[3]

---

[2] Under the Protective Order, Highly Confidential designations are limited to "only such material that [the Designating Person] believes, in good faith, consists of … non-publicly disclosed business plans, trade secrets, product development information, marketing plans, proprietary research or analysis, internal policies or procedures, financial information, or other like information that, if disclosed beyond what is allowed … below, would cause competitive, commercial, or financial injury to the Designating Person's business or business relationships with others." (Dkt. 97 ¶ 5.)

[3] *See Broadspring, Inc.*, 2014 WL 4100615, at *23 (recognizing the confidentiality of "confidential information itself," including contractual terms and internal strategy and analysis).

**Fried, Frank, Harris, Shriver & Jacobson LLP**

Hon. Jesse M. Furman
Page 3

- Government's Memorandum of Law in Support
  - <u>Portions of two sentences at page 5</u>:  These sentences paraphrase the testimony by Mr. Lofrano that reveals non-publicly disclosed internal policies and procedures with respect to self-reporting and how those policies and procedures were developed.

- Wells Fargo's Memorandum of Law in Opposition
  - <u>Portion of one sentence at page 20</u>:  This sentence quotes and paraphrases the testimony by Mr. Lofrano that reveals non-publicly disclosed internal polices and procedures of Wells Fargo with respect to self-reporting and how those policies and procedures were developed.

- Mr. Lofrano's Memorandum of Law in Opposition
  - <u>Portions of four sentences at page 2 (footnote 1) and page 8 (footnote 4)</u>:  These sentences reveal non-publicly disclosed Wells Fargo business plans with respect to the specific organizational structure of its mortgage business, including the number, role, and hierarchy of certain employee positions and departments.
  - <u>Portions of nine sentences at pages 5, 7, 8, 9</u>:  These sentences quote and paraphrase the content of testimony by Mr. Lofrano, Cara Heiden, and Diane Kobayashi and the content of one document produced in discovery, all of which reveal non-publicly disclosed internal policies and procedures of Wells Fargo with respect to self-reporting and how those self-reporting policies and procedures were developed.
  - <u>Descriptions of three documents at page 13</u>:  These parentheticals specifically quote from and/or describe non-publicly disclosed documents produced by Wells Fargo and marked Confidential because they reveal internal policies and procedures of Wells Fargo with respect to self-reporting and how those policies and procedures were developed.

In addition, Wells Fargo has requested that a few deposition transcript excerpts and seven underlying documents, which, in large part, reveal in greater detail the Confidential information described above, be filed under seal:

- Excerpts from the deposition transcripts of Lofrano, Heiden, Heid, Ruder, Tait, and Kobayashi (Government Exhibit B; Lofrano Exhibits A, B, D, H, I, J)
  - Wells Fargo designated these deposition transcripts Confidential because they reveal non-publicly disclosed internal policies and procedures of Wells Fargo with respect to self-reporting, and how those self-reporting policies and procedures were developed, and/or non-publicly disclosed business plans of

**Fried, Frank, Harris, Shriver & Jacobson LLP**

Hon. Jesse M. Furman
Page 4

      Wells Fargo with respect to the specific organizational structure of its FHA mortgage business.[4]

- Internal Wells Fargo policy, procedure, and business plan documents (Wells Fargo Exhibits B, C; Lofrano Exhibits K, L, M, N)
    - These documents, including Wells Fargo's Quality Control Plan, certain policy memoranda, and handwritten notes, are non-publicly disclosed Wells Fargo documents that specifically describe internal policies and procedures.

- Correspondence with HUD (Wells Fargo Exhibit L)
    - This document is a letter from Wells Fargo counsel to HUD that was produced by the Government in this litigation and marked as Confidential by the Government. Wells Fargo proposed filing this document under seal in order to protect the Government's confidentiality designation and certain personally identifiable information contained within, *including the name of a non-party individual suspected of fraud and non-party borrower names and loan numbers*.

For all these reasons, Wells Fargo respectfully requests the Court to authorize the redacted filings proposed by the parties with respect to the briefing on the Government's Motion.

      Respectfully submitted,

      FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

      By:    /s/ Douglas W. Baruch
            Douglas W. Baruch, *pro hac vice*
            Jennifer M. Wollenberg, *pro hac vice*

            *Attorneys for Wells Fargo Bank, N.A.*

---

[4] In addition, none of the transcripts – with the exception of Mr. Ruder's – is yet final as the transcripts have not been signed and the 30-day period for review and change in accordance with Fed. R. Civ. P. 30(e) has not passed.