# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN

NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT

PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
JOHN V. HARRISON
CAROLINE F. HAYDAY
DAVID FLECHNER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial: +1 212-225-2130
E-Mail: mkotler@cgsh.com

July 10, 2015

VIA ECF FILING

Honorable Jesse M. Furman
United States District Judge, S.D.N.Y.
40 Foley Square, Courtroom 1105
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/14/2015
```

Re:   **United States v. Wells Fargo Bank**, 12 Civ. 7527 (JMF) (JCF)

Dear Judge Furman:

Pursuant to the Court's Memorandum Opinion and Order dated June 30, 2015 (the "June 30 Order"), we write to provide the Court with proposals for resolving outstanding issues raised by the Government's Motion to Reopen Fact Discovery for a Limited Purpose and to Compel the Production of Documents from Defendant Wells Fargo.

As an initial matter, and so that the record is clear, Wells Fargo (a) has not asserted an advice of counsel defense in this litigation, and (b) has objected and will continue to object (throughout the duration of this Action) to disclosure of any of its attorney-client privileged communications, including those that Mr. Lofrano seeks to rely on in support of his defense. Wells Fargo recognizes that this places Mr. Lofrano (and the Government) in a potentially difficult position, but Wells Fargo – a large financial institution which must consider its broader institutional interests (beyond this Action) and protect against any argument that it has waived its important attorney-client privilege protections – does not and will not consent to disclosure of such communications in this Action. In addition, Mr. Lofrano has confirmed that he is asserting an advice of counsel defense.

The parties' competing proposals are set forth below.

Honorable Jesse M. Furman, p. 2

I.  **Defendants' Proposal: Defendants Should First Be Permitted to Seek Severance**

As set forth in greater detail below, Defendants respectfully submit that the best way to satisfy the competing interests of preserving (a) Wells Fargo's right to keep privileged information confidential, (b) Mr. Lofrano's constitutional right to assert a defense, and (c) the Government's right to challenge Mr. Lofrano's defense (without wasting judicial resources) is to sever Mr. Lofrano from the Government's case against Wells Fargo, for purposes of trial and certain aspects of summary judgment unique to him, so that – only if it becomes necessary – he may present his defense separately. Independently, severance is justified to avoid confusing the jury and any prejudice to Wells Fargo's defenses as a result of Mr. Lofrano's reliance on the advice of Wells Fargo in-house counsel.

Thus, Defendants believe that, in the first instance, the Court should permit briefing on a severance motion. As Defendants also advised the Government during their meet and confers, Defendants are also prepared to address and move forward with a procedure similar to that outlined by the Court. Specifically, either after or as severance is addressed now, Defendants believe (and we understand the Government agrees) the first step would be for Mr. Lofrano to both (i) make an ex parte submission (to be shared with Wells Fargo) detailing the information on which his advice of counsel defense is based, and (ii) serve a letter on the Government identifying any documents (by reference to the entries on Wells Fargo's privilege log) and witnesses whose testimony is subject to Wells Fargo's attorney-client privilege that Mr. Lofrano intends to rely on in support of his advice of counsel defense. If the Court does not want to separately track initial briefing on the severance motion, Mr. Lofrano is prepared to go forward with his separate submissions at the same time as Defendants' moving severance papers, and requests 21 days from the time of the Court's decision to do so, so that he can prepare both joint severance papers and his submissions.

A.  **Mr. Lofrano's Position**

The most fair, efficient, and prudent process to balance the competing interests of Wells Fargo, Mr. Lofrano, and the Government is to sever Mr. Lofrano's case from the Government's case against Wells Fargo for adjudication of trial (and certain limited aspects of summary judgment distinctive to Mr. Lofrano). Mr. Lofrano has a constitutional right to present a defense. *See, e.g., Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due Process requires that there be an opportunity to present every available defense.").[1] The fact that he received the legal advice in his capacity as an employee (and thus technically Wells Fargo is the owner of the privilege) does not deprive him of that defense or of the right to show that he acted in good faith and without scienter based on legal advice. *See, e.g., United States v. McClatchey*, 217 F.3d 823, 830-32 (10th Cir. 2000) (holding that acquittal would be appropriate if defendant relied in good faith on advice of corporate counsel); *cf. United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1142-43 (D. Mont. 2006) (permitting individual defendant-employees to pursue advice of counsel defense based on company's legal advice). We do not dispute that the Government has an interest in

---

[1]  It is undisputed that Mr. Lofrano's advice of counsel defense is a complete defense to the Government's claims against him. *See* Gov. Br. at 11 (describing advice of counsel defense as "complete affirmative defense.").

challenging that defense. And Wells Fargo has an interest in maintaining the confidentiality of communications that are cloaked with privilege.

Severance provides the most sensible, and least prejudicial, means to balance those interests. The Government would be able to pursue its case against Wells Fargo free from the prejudicial impact (to it) of Mr. Lofrano's advice-of-counsel defense and with no need for the distraction or delay of addressing that defense. At the same time, Wells Fargo – which is not relying on advice of counsel – would not be prejudiced. To the contrary, its interest in protecting any privileged communications from public disclosure would be protected to the maximum extent possible, as would its own defenses that may otherwise be impacted by Mr. Lofrano's defense that he relied on the advice of Wells Fargo in-house counsel. Mr. Lofrano's right to present an advice of counsel defense would be preserved intact; he would be free to present that defense free from any fetters put on him or by the exigencies of a joint trial. And, at the same time, the Government would be free to challenge Mr. Lofrano's advice of counsel defense and to take the discovery necessary to that challenge, without being hampered by having to do so in the context of getting ready for the trial against Wells Fargo.[2]

Further, a severance would be most faithful to the protection of the attorney-client privilege. *See, e.g., United States v. Richard Roe, Inc. (In re Richard Roe, Inc.)*, 168 F. 3d 69, 71 (2d Cir. 1999) (exceptions to attorney-client privilege must not be interpreted broadly given its "critical role in our judicial system"); *In re St. Johnsbury Trucking Co.*, 176 B.R. 122, 125 (S.D.N.Y 1994) ("the attorney-client privilege is of crucial importance to our jurisprudence, and its derogation is not to be undertaken lightly" (internal quotation marks omitted)). If Wells Fargo prevails in its severed trial, at least with respect to the "self-reporting" allegations that pertain to Mr. Lofrano, all parties agree that such result likely would have collateral estoppel effect barring any subsequent trial against Mr. Lofrano. There would be no need in that instance for any intrusion into privileged communications. Moreover, if Wells Fargo were to prevail, any intrusion the Court now permits would prove to have been needless. And, if the Government prevails, the Government and Mr. Lofrano would then be able to engage in settlement discussions informed by the outcome of that proceeding. While no assurance is possible, the Court can take notice that resolutions frequently follow in those circumstances (albeit one that we believe would be informed by Mr. Lofrano's advice-of-counsel defense): the number of follow-on lawsuits against individuals after a successful prosecution of the company is vanishingly small. Again, in that circumstance, no intrusion into Wells Fargo's privileged

---

[2] The Government mistakenly suggests that severance can only be decided upon later, upon the eve of trial. But the Government provides no reason for the Court not to otherwise entertain a severance motion now, when doing so would resolve the very prejudice and other issues identified by Mr. Lofrano and Wells Fargo. Rule 42 does *not* preclude the Court from deciding now that Mr. Lofrano should be severed for a separate trial (and certain aspects of summary judgment) later on. Likewise, contrary to the Government's assertion, Rule 21 is not limited to situations where there has been a "misjoinder or nonjoinder." Courts routinely recognize that "whether it should sever the claims of plaintiffs under Rule 21 or whether it should order separate trials under Rule 42 requires the same considerations," including whether prejudice would be avoided if severance were granted. *See, e.g., Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

information would be necessary. Only if the Government succeeds at trial *and* elects to pursue its self-reporting claim against Mr. Lofrano, *and* the parties are unable to resolve that claim, will compelled disclosure of Wells Fargo's privileged information be necessary.[3]

The Government has posited that a severance would result in the waste of judicial and governmental resources. We believe the opposite is the case. Severance would permit the Government to focus its attention and resources (and the Court to focus that attention and resources) on the case where fact discovery has been completed: the case against Wells Fargo. As noted above, if that case is resolved favorably for Wells Fargo, there will be no case against Mr. Lofrano. There will be no need for the exercise of judicial or governmental resources in a separate proceeding against Mr. Lofrano. And, if the case is resolved against Wells Fargo, then in all likelihood, there will be little need for the discovery. It is particularly in those circumstances where Mr. Lofrano is being tried jointly with Wells Fargo and there has been no resolution of the case against Wells Fargo where the need and the right of Mr. Lofrano to put on an advice-of-counsel defense is most acute.

Nor should the burden and potential distraction of intruding into Wells Fargo's privilege and conducting discovery into an advice-of-counsel defense now be underestimated. As to Wells Fargo, the Court recognized in its June 30 Order that the Government's motion raises "unresolved" issues of first impression concerning how to reconcile Mr. Lofrano's fundamental right to assert the defense of advice of counsel against Wells Fargo's fundamental right to maintain attorney-client privilege (which could be threatened even in the context of compelled disclosure). *See* June 30 Order at 4-5, 7. Given the impact of disclosure of privileged communications on its matters outside this case, Wells Fargo has informed the other parties to the Action that it will go to every length possible to protect against disclosure, including seeking review in the Second Circuit. As to Mr. Lofrano, he does not need discovery to present his defense. He is prepared to proceed based on his testimony and with the documents that have been produced to date. But the Government has stated that it will want "fairly robust discovery," including all documents reflecting or concerning legal advice on self-reporting, and depositions of all witnesses to such legal advice. *See also* Gov. Br. at 11 & n.5 (claiming that it "is entitled to full discovery of any legal advice received by employees of Wells Fargo relating to self-reporting during any time period for which Lofrano is asserting advice of counsel."). And the issues regarding the scope of that discovery – issues which may never need to be addressed in the event of a severance – will necessarily be complicated and sensitive to all parties involved, and will likely involve iterative applications and rulings.

The Government has also asserted that in the unlikely event of a subsequent trial against Mr. Lofrano it will be forced to relitigate all the issues it would litigate against Wells Fargo. Not so. In conversations with the Government, Mr. Lofrano has offered that to streamline any subsequent trial he would be prepared to stipulate as to common issues that were resolved against Wells Fargo, leaving for trial against Mr. Lofrano only those issues such as scienter that are distinctive to Mr. Lofrano. The Government has not yet taken us up on that offer which remains outstanding. For now, it should suffice to say that any subsequent trial – no matter how

---

[3] Of course, if the Government resolves its claims against Wells Fargo before trial, we understand that the claims against Mr. Lofrano will be resolved as well.

unlikely it is to be – would be narrow to avoid a waste of the Court's and the parties' resources. The Government has also raised concerns about double summary judgment motions, but Defendants propose severance at summary judgment for only those issues that are unique to Mr. Lofrano. Mr. Lofrano will join any summary judgment arguments of Wells Fargo that apply to him, thus avoiding redundancy.[4]

The concerns of fairness and prejudice raised by the parties' competing interests is precisely what led the Seventh Circuit in *United States v. Walters*, 913 F.2d 388 (7th Cir. 1990), to order severance on remand. As *Walters* explained, "[o]nce Walters pursued his advice-of-counsel defense, as was his right, [defendant] Bloom must have been provided the option of a separate trial," as pitting the defense against the attorney-client privilege presented an improper "devil's bargain." *Id.* at 393 (observing that defendant could not pursue his own defense as a result of co-defendant's disclosure of privilege communications); *cf. W.R. Grace*, 439 F. Supp. 2d at 1148 (admitting advice of counsel defense and severing trial against certain individuals and company because "joint trial does not serve its intended purpose of judicial economy where there is so great a likelihood of unfair prejudice to at least one Defendant."). Likewise, the best way to manage the conflict here is to sever Mr. Lofrano from the case against Wells Fargo, for purposes of certain aspects of summary judgment and trial, so that he may present his defense separately.[5]

Finally, contrary to the Government's assertion, Mr. Lofrano does not object to the Court "promptly resolving the advice of counsel issue." We suggest instead only that any remaining discovery regarding advice of counsel that is compelled by the Court be stayed until after trial against Wells Fargo (or proceed now subject to the protective order entered and with the understanding that it can be used only in a separate trial against Mr. Lofrano, although that would still constitute prejudice to Wells Fargo). Thus Mr. Lofrano does not maintain that the Court must stay any decision on the advice of counsel discovery issue now – although we believe that it would be more efficient, for the Court and parties, for the relevant briefing, ruling, and discovery to take place only after any Wells Fargo trial and only if necessary and proximate to a trial against Mr. Lofrano.[6]

---

[4] The Government has also oddly claimed prejudice because Mr. Lofrano may be forced to testify twice. That makes no sense. If anything, Mr. Lofrano will be subject to burden and risk by testifying again under oath, which we are willing to accept to achieve the efficiencies and fairness set forth above. And, of course, Mr. Lofrano's testimony at any trial against Wells Fargo would not include advice of counsel, thus avoiding redundancy on that issue.

[5] We understand that there is a governmental policy, where a corporation has been charged, to also try to hold an individual accountable. But that policy – of accountability – obviously does not require that defendants be held accountable simultaneously as opposed to seriatim when the circumstances otherwise justify separate trials.

[6] The Government also claims that Defendants cannot articulate cognizable prejudice suffered from having the advice of counsel discovery issue decided now. As noted *supra*, Mr. Lofrano does not object to the Court deciding the advice of counsel discovery issue now (although we believe it would be an unnecessary use of judicial resources). In any event, the salient question is whether Wells Fargo and Mr. Lofrano would suffer prejudice from having the privileged information aired at all, and at a public trial against both Wells Fargo and Mr. Lofrano. The Government does not address this and has no answer, as the prejudice is manifest:

Honorable Jesse M. Furman, p. 6

### B. Wells Fargo's Position

Wells Fargo will join in Mr. Lofano's motion for severance. Wells Fargo believes that a severance is the most efficient, practical, and least disruptive method of addressing the outstanding issues concerning Mr. Lofrano's advice of counsel defense. As explained above, absent severance, Wells Fargo must seek an interlocutory appeal of any order of this Court compelling the disclosure of Wells Fargo's privileged communications, which will significantly delay the progress of this Action while Wells Fargo seeks appellate review of such an order.

Perhaps more importantly, even if this Court (and the Second Circuit) were to overrule Wells Fargo's objections and allow the Government to proceed now with limited fact discovery concerning Mr. Lofrano's advice of counsel defense, there would be substantial grounds to sever the trial. The jury could well be confused by the fact that even though both Wells Fargo and Mr. Lofrano are alleged to have engaged in some of the same "self-reporting" conduct, one (Mr. Lofrano) is asserting an advice of counsel defense based on advice received from Wells Fargo counsel (and not his personal counsel) and the other is not. The potential for spillover prejudice and confusion of factual and legal issues would be unfair to Wells Fargo, Mr. Lofrano, and the Government. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one of more separate issues, claims, crossclaims, counterclaims, or third-party claims"); Fed. R. Evid. 403 (relevant evidence may be excluded if its probative value may be outweighed by a danger of unfair prejudice or confusing the issues). In that event, there is no efficiency to be gained by requiring discovery now of the facts relevant to advice of counsel. If severance is deemed necessary in any event, this Action would proceed to trial first against Wells Fargo, thereby mooting the need for immediate discovery on the advice-of-counsel issues and, as explained above, potentially avoiding the issue altogether. Instead, discovery on the advice of counsel issues could proceed – only if necessary – in an interim period between the two trials.[7]

### C. Defendants' Position If Severance Is Not Ordered

Defendants believe that they should first be permitted to seek severance, although as noted above Mr. Lofrano is also prepared to move forward with his separate submissions at the same time as Defendants' moving severance papers if the Court does not want to separately track initial briefing on the severance motion. If the Court does not order severance, then Wells Fargo proposes the following steps after submission of Mr. Lofrano's ex parte submission and letter to the Government:

- Seven days after receipt of Mr. Lofrano's letter, the Government shall serve a letter on all parties proposing the scope of the additional discovery it intends to seek as a result of Mr. Lofrano's assertion of the advice-of-counsel defense (the "Government's Proposal"). The Government's Proposal will specifically identify any additional documents (by reference to the entries on Wells Fargo's privilege log) it intends to compel and describe the general subject matter,

---

Wells Fargo has an interest in protecting the confidentiality of its privileged information and in avoiding jury confusion or prejudice to its defenses based on Mr. Lofrano's defense.

[7] Contrary to the Government's assertion, Wells Fargo will be prejudiced by the compelled disclosure of its privileged information, at any time. *See supra* n.5.

including time frame, of the pre-trial discovery it intends to solicit from any witnesses. This submission shall be without prejudice to the Government's right to make a motion for additional pre-trial discovery based on information learned from the resulting pre-trial disclosures should the Court order those disclosures to occur.

- Seven days after receipt of the Government's Proposal, Wells Fargo will move for a protective order (i) seeking to prevent the disclosure of any information identified in Mr. Lofrano's ex parte submission that is subject to Wells Fargo's attorney-client privilege; and (ii) raising any objections to the scope of the additional discovery in the Government's Proposal that will be sought in light of Mr. Lofrano's assertion of the advice of counsel defense in the event the Court compels the disclosure of information subject to Wells Fargo's attorney-client privilege over Wells Fargo's objection. Wells Fargo believes that proceeding third will appropriately and efficiently allow it to address both Mr. Lofrano's and the Government's proposals as to the scope of any compelled disclosure.

- Seven days after Wells Fargo's motion for a protective order, Mr. Lofrano and the Government shall serve their responses to Wells Fargo's motion. Seven days after service of those responses, Wells Fargo shall serve its reply. Mr. Lofrano agrees to this schedule.

## II. The Government's Proposal

Following the Court's issuance of the June 30 Order and the conference held on that same date, defendants discussed the advice of counsel discovery issue among themselves and informed the Government that Wells Fargo would not waive its attorney-client privilege in connection with Lofrano's advice of counsel defense and would seek to preclude Lofrano from revealing any privileged communications in connection with that defense. Defendants subsequently met and conferred with the Government and described their preferred solution to this conflict between Lofrano and the Bank, which would involve severing and staying the Government's claims against Lofrano in order to avoid having the Court resolve the advice of counsel privilege issue at this point in the litigation. As discussed below, the Government does not agree with defendants' proposal and instead submits that the privilege issue should be expeditiously briefed for resolution by the Court.

### A. Defendants' Proposed Motion to Sever Is at Best Premature and Should Not Be Entertained by the Court

In response to the Court's direction that the parties propose a process for resolving the advice of counsel issue, defendants suggest that the Court should: (1) sever the Government's claims against Lofrano from those against Wells Fargo; (2) stay fact discovery and any trial against Lofrano until after the Government's proceedings against Wells Fargo have concluded; and (3) address the advice of counsel issue, if necessary, only after the proceedings against the Bank are completed. This proposal lacks any legal or practical support; rather, defendants seek only to put off a fact discovery issue on which they are in conflict in the hopes that it will just go away. That is not an appropriate solution and should not be adopted.

First, defendants' proposal runs directly counter to this Court's stated intention to promptly resolve the advice of counsel issue. The Court previously rejected Wells Fargo's suggested approach that the Court defer addressing the advice of counsel issue until "some later point in the case as trial approaches" (Wells Fargo Mem. of Law in Opp'n to Motion to Reopen Fact Discovery and Compel Production of Documents, served on June 2, 2015, *see* Dkt. # 206, at 20), finding that "the better course is to resolve the issue as soon as possible" (June 30, 2015 Memorandum Opinion and Order, Dkt. #243, at 7). Now, defendants propose to defer resolution of the advice of counsel issue even longer, until after the Government's case against the Bank has concluded, including, potentially, a jury trial against the Bank and an appeal of any verdict. This issue needs to be resolved now so that the parties can complete discovery and proceed to summary judgment and, if necessary, trial.

The drastic remedy of severance would also be premature at this stage of the litigation. Rule 42(b) of the Federal Rules of Civil Procedure provides for severance for purposes of "ordering *a separate trial*" of one or more separate issues or claims. To the extent defendants believe that separate trials are warranted, any such motion can be addressed at the appropriate time – *i.e.*, after discovery has been completed, any summary judgment motions have been decided, and the scope of the claims and defenses that will be presented at trial is clearer. *See, e.g., Cramer v. Fedco Automotive Components Co., Inc.*, No. 01-CV-0757E(SR), 2002 WL 1677694, at *2 (W.D.N.Y. July 18, 2002) (denying severance motion as premature and discussing factors considered in adjudicating such motions). Indeed, Wells Fargo expressly contends herein that if the Bank were forced to waive its privilege so that Lofrano may assert the advice of counsel defense, "there would be substantial grounds to sever the trial" due to a purported danger of prejudice and confusion.[8] This contention by the Bank only highlights the inappropriateness of a severance motion at this point – a motion that might well never be made at all should the Court conclude that Lofrano may not assert this defense.[9]

Moreover, contrary to defendants' suggestion in the parties' meet and confer sessions, severing and staying the Government's claims against Lofrano will not promote judicial efficiency. Severing the Government's claims against Lofrano will not resolve the advice of counsel discovery issue, despite defendants' inexplicable claims herein that their proposal

---

[8] Should the Court wish to consider severance at this point, the Government respectfully requests the opportunity to submit full briefing on the matter, including briefing on prejudice and confusion. However, the Government notes that case law in this Circuit recognizes "the fundamental presumption which favors the trial of all issues to a single jury," *Monaghan v. SZS 33 Assocs., L.P.*, 827 F. Supp. 233, 246 (S.D.N.Y. 1993), and that courts may generally manage the possibility of "prejudice" or "confusion" through, among other things, limiting instructions, *see, e.g., United States v. Jacques Dessange, Inc.*, No. 99 CR 1182 (DLC), 2000 WL 280050, at *6-7 (S.D.N.Y. Mar. 14, 2000) (denying request for severance based on claim that one defendant's advice of counsel defense would be prejudicial, and noting that a "limiting instruction will be sufficient to protect the interests of both defendants if the defenses turn out to be antagonistic").

[9] Likewise, any motion to sever under Fed. R. Civ. P. 21 would lack a proper basis. Rule 21 allows a Court to add or drop a party where, *inter alia*, there has been a misjoinder or nonjoinder of a party. That is not the situation here.

somehow "balances" or "satisfies" all of the parties' competing interests. Instead, it will only delay the resolution of that issue, potentially for an extended period.[10] Defendants posit that if Wells Fargo were to prevail at a separate trial or on summary judgment with respect to the Government's self-reporting claims then the Government will be legally barred from pursuing those claims against Lofrano (and the Court will not need to decide the advice of counsel issue). But that would be true in virtually all instances where a corporate entity and its officer(s) are both sued for the same course of conduct, and does not provide a proper basis for the relief requested. And, to the extent that the Government were to prevail on its self-reporting claims against Wells Fargo, then defendants' proposal will lead to tremendous inefficiencies as the Court would have to (1) address the advice of counsel issue at that time, including whether the Government is entitled to additional fact discovery, (2) allow additional discovery, if any, to proceed, (3) adjudicate any additional motions for summary judgment (as Lofrano has expressly proposed herein a second round of summary judgment briefing, after the Government's proceedings against the Bank, for "issues that are unique to Mr. Lofrano"), and (4) preside over a separate jury trial of the Government's claims against Lofrano, involving many of the same witnesses and other evidence that will be presented at the first trial against Wells Fargo. *See, e.g., Dayton Monetary Associates v. Donaldson Lufkin & Jenrett Securities Corp.*, No. 91 Civ. 2050 (SHS), 1999 WL 159889, at *2 (S.D.N.Y. Mar. 22, 1999) ("In fact, because having two trials would necessitate two sets of pretrial motions, two sets of pretrial orders, two sets of jury charges, and the possibility of having to select two different juries, extracting the one issue out of the 'main' trial may in fact lead to greater delay and expense."); *Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331, 335 (S.D.N.Y. 2013); *see also United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1148 (D. Mont. 2006) (denying individual defendants' motion in criminal case to sever where the individuals asserted a right to counsel defense and the defendant corporation refused to waive its attorney-client privilege). Defendants' speculation in the parties' meet and confers that the Government and Lofrano would surely reach a settlement were the Government to win its self-reporting claims against the Bank is just that - speculation.

Finally, defendants cannot articulate any cognizable prejudice that they will suffer from having the advice of counsel issue decided now. Fact discovery is nearing completion and resolution of this issue, including any additional discovery that may be ordered, should not affect any of the other deadlines in this matter. Although defendants insist that they will pursue an interlocutory appeal – and delay this case – if the Court decides the advice of counsel issue against their respective positions, that does not provide a reason to sever and stay the proceedings against Lofrano. Presumably defendants would pursue an appeal of an adverse decision on this question whenever it was rendered, so the Government's case against Lofrano could be delayed even further by deferring a decision on this issue. And, in any event, there is no guarantee that the Second Circuit would even agree to hear any such interlocutory appeal.

---

[10] Despite Lofrano's claim that he would, after the Government's proceedings against the Bank, "be free to present [the advice of counsel] defense free from any fetters put on him," he avoids grappling with Wells Fargo's position that it will never voluntarily waive its privilege in order to allow Lofrano to pursue this defense. To be clear, defendants' severance proposal in no way resolves the issue at hand, but merely seeks to avoid it at this stage in the litigation, at the Government's expense.

Furthermore, defendants' warning that resolution of the scope of discovery appropriate to the advice of counsel defense will require "iterative applications and rulings" is both unsupported and, more importantly, irrelevant. Any such applications can be resolved within the existing schedule prior to summary judgment.

Put simply, the Government is entitled to present its case at trial against the defendants as it so chooses. Defendants may move at the appropriate time for severance and separate trials, but there is no basis to sever and stay the Government's claims against Lofrano at this point simply to avoid addressing a discovery issue on which defendants are in conflict.

### B. The Government's Proposal

To resolve the advice of counsel issue, the Government proposes that the following process be adopted: **First**, counsel for Lofrano should promptly make an *ex parte* submission (which should be shared with Wells Fargo) setting forth the specific information and documents upon which he intends to rely in support of his advice of counsel defense. At the same time, Lofrano should file on the public docket a letter generally describing the types of information and documents upon which he intends to rely. **Second**, as the party seeking to maintain its privilege despite Lofrano's assertion of an advice of counsel defense, Wells Fargo should move for a protective order based on its refusal to waive the Bank's attorney-client privilege. **Third**, Lofrano and the United States should respond to Wells Fargo's motion for a protective order. The Government respectfully suggests that Lofrano should be allowed one week to make his *ex parte* and public filing (or until July 17); that Wells Fargo should be given two weeks to move for a protective order (or until July 31); and that Lofrano and the United States should be given two weeks to respond to the motion (or until August 14).

\* \* \*

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Meredith Kotler*

Meredith E. Kotler

---

The Court agrees with the Government that any decision on the severance issue now would be premature and would not, in any event, obviate the need to decide the privilege waiver issue, as Wells Fargo represents that it would continue to object to the disclosure of privileged information even if Mr. Lofrano were tried separately. The Court will therefore defer the severance question until after it resolves the privilege and advice-of-counsel issue (if not closer to trial).

As to the procedure for addressing the privilege and advice-of-counsel issue, the Court agrees with Defendants' proposal. Accordingly, by no later than **July 21, 2015**, Mr. Lofrano shall submit his *ex parte* submission and serve a letter on the Government (presumably also filing it publicly on the docket) identifying the documents and witnesses upon which he intends to rely. By no later than **July 28, 2015**, the Government shall file a letter describing the scope of any additional discovery it seeks in connection with Mr. Lofrano's advice-of-counsel defense. Wells Fargo's motion for a protective order shall be filed by **August 4, 2015**. Mr. Lofrano's and the Government's responses shall be filed by **August 11, 2015**, and Wells Fargo's reply, if any, shall be filed by **August 18, 2015**. In their motion papers, the parties should address not only whether Mr. Lofrano should be precluded from asserting the advice-of-counsel defense, but also the scope of any judicially compelled waiver of the privilege (and, by extension, the scope of any further discovery to be permitted) in the event that the Court rules that Mr. Lofrano's right to assert the defense overcomes Wells Fargo's privilege. SO ORDERED.

*/s/ Jesse M. Furman*  July 14, 2015