**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

- against -

WELLS FARGO BANK, N.A. and KURT
LOFRANO,

Defendants.

12 Civ. 7527 (JMF) (JCF)

ECF CASE

**MEMORANDUM OF LAW OF KURT LOFRANO IN**
**OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION TO**
**REOPEN FACT DISCOVERY AND COMPEL THE PRODUCTION OF**
**DOCUMENTS FROM DEFENDANT WELLS FARGO**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ................................................................................................................ 2

      A.      The Second Amended Complaint ........................................................... 2

      B.      The Government's Knowledge of Mr. Lofrano's Advice of Counsel Defense ...... 3

      C.      Lofrano's Testimony Concerning the Advice He Received from Counsel ............ 7

ARGUMENT ...................................................................................................................... 9

      A.      Mr. Lofrano Is Entitled to Present His Advice of Counsel Defense, Which He Timely Asserted and Has Steadfastly Maintained ................................. 9

      B.      The Government's Belated Request to Re-open Fact Discovery Should Be Denied ............................................................................................ 14

CONCLUSION .................................................................................................................. 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arista Records LLC v. Lime Group LLC,*
　No. 06 CV 5936 (KMW), 2011 WL 1642434 (S.D.N.Y. Apr. 20, 2011) .............. 11

*In re Residential Capital, LLC,*
　491 B.R. 63 (Bankr. S.D.N.Y. 2013) ....................................................................... 11

*Lindsey v. Normet,*
　405 U.S. 56 (1972) ................................................................................................... 13

*Troublé v. Wet Seal, Inc.,*
　179 F. Supp. 2d 291 (S.D.N.Y. 2001) ...................................................................... 11

*U.S. ex rel. Mikes v. Straus,*
　84 F. Supp. 2d 427 (S.D.N.Y. 1999) ........................................................................ 13

*United States ex rel. Hochman v. Nackman,*
　145 F.3d 1069 (9th Cir. 1998) ................................................................................. 13

*United States v. Bilzerian,*
　926 F.2d 1285 (2d Cir. 1991) ................................................................................... 11

*United States v. Mix,*
　No 12-171, 2012 WL 2420016 (E.D. La. June 26, 2012) ......................................... 12

*United States v. Olano,*
　507 U.S. 725 (1993) ................................................................................................. 11

*United States v. Sanchez,*
　520 F. Supp. 1038 (S.D. Fla. 1981) ........................................................................ 13

*United States v. W.R. Grace,*
　439 F. Supp. 2d 1125 (D. Mont. 2006) ................................................................ 11-12

*Upjohn Co. v. United States,*
　449 U.S. 383 (1981) ................................................................................................... 9

**Rules and Statutes**

18 U.S.C. § 1001 ........................................................................................................... 13

18 U.S.C. § 1006 ........................................................................................................... 13

18 U.S.C. § 1014 ................................................................................................................ 13

18 U.S.C. § 1341 ................................................................................................................ 13

18 U.S.C. § 1343 ................................................................................................................ 13

31 U.S.C. § 3729(b) ........................................................................................................... 13

Fed. R. Civ. P. 12(b) .......................................................................................................... 10

Defendant Kurt Lofrano ("Mr. Lofrano") respectfully submits this memorandum of law in opposition to the motion of plaintiff United States of America (the "Government") to (a) reopen fact discovery for the purpose of taking discovery concerning Mr. Lofrano's advice of counsel defense; (b) compel defendant Wells Fargo Bank, N.A. ("Wells Fargo") to produce documents concerning legal advice rendered relating to its self-reporting policy; or (c) find that Mr. Lofrano has waived his advice of counsel defense.  The Government's motion should be denied, except that Mr. Lofrano would not object to an Order permitting him to answer, at the appropriate time, those of the Government's questions asked during his deposition that Wells Fargo directed Mr. Lofrano not to answer on grounds of privilege.

## PRELIMINARY STATEMENT

The Government has known since at least December 2013 that to the extent Mr. Lofrano played any role—along with others, including his supervisors—in considering or implementing Wells Fargo's self-reporting policy, he relied on advice from Wells Fargo's legal department, and has known that Mr. Lofrano is asserting an advice of counsel defense for almost as long.  The Government does not dispute that it was on notice, but argues—without any supporting authority—that Mr. Lofrano was somehow required to make Wells Fargo produce privileged documents or else forfeit his advice of counsel defense.  That position is untenable.

The Government is suing Mr. Lofrano personally for hundreds of millions of dollars, including punitive damages.  Mr. Lofrano is entitled to present any defense available to him.  The Government is well aware that Mr. Lofrano is not an executive of Wells Fargo.  In fact, Mr. Lofrano is several levels removed from Wells Fargo's executive management, and has no ability to force Wells Fargo to disclose privileged documents if Wells Fargo chooses not to do

so.[1]  In addition, it is the Government's obligation to ensure that it receives any discovery it needs to advance its case, not Mr. Lofrano's.

The Government made a tactical decision not to depose lawyers it knew likely had relevant information, and to depose Mr. Lofrano on the very last day of fact discovery.  The Court has warned the parties on multiple occasions that the deadline to complete fact discovery will not be extended.  The Government ignored those warnings at its peril.  It is far too late for the Government to seek to reopen fact discovery to pursue information it has been aware of since before its complaint against Mr. Lofrano was filed.  The Government's motion should be denied.

## BACKGROUND

**A.**     **The Second Amended Complaint**

The Government's Second Amended Complaint (the "SAC"), asserts claims against Mr. Lofrano under the False Claims Act ("FCA") and the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").  SAC ¶ 1, Jan. 10, 2014, ECF No. 77. The SAC alleges (incorrectly) that Mr. Lofrano (a) was responsible for Wells Fargo's self-reporting throughout the 2002-2010 time period at issue in the SAC; and (b) intentionally caused Wells Fargo not to self-report, in violation of HUD requirements.  SAC ¶¶ 5, 10.  One of Mr. Lofrano's defenses is that, to the extent he had any involvement (along with others, including several layers of his supervisors) in considering or implementing Wells Fargo's self-reporting

---

[1]     ████████████████████████████████████████████████  Ex. A at 255:5-256:15;

Ex. B 247:22-249:11.

Ex. A at 256:16-20; Ex. B at 250:12-251:3.  The Government cites no evidence—testimony or documents—for its allegation, *see* Gov't Br. at 10, that Mr. Lofrano is an executive, and the witnesses who were asked this question uniformly testified that Mr. Lofrano is not (and was not) a Wells Fargo executive.  All Exhibits ("Ex. __") cited herein are attached to the Declaration of Liana Roza Vitale ("Vitale Decl."), dated June 2, 2015, filed together with this brief.

policy, he relied on the advice of counsel as to what items Wells Fargo was required to self-report to HUD.

**B.    The Government's Knowledge of Mr. Lofrano's Advice of Counsel Defense**

The Government has known since no later than December 2013 that Mr. Lofrano asked for and received advice from lawyers with respect to what Wells Fargo was required to self-report. On December 3, 2013, after the Government sought leave to add Mr. Lofrano as a defendant in this case, Pl.'s Notice of Mot. to Amend its Compl., Nov. 22, 2013, ECF No. 69, trial counsel for Mr. Lofrano met with counsel for the Government. Declaration of Meredith Kotler, dated June 2, 2015 ("Kotler Decl."), ¶ 2. At that meeting, trial counsel for Mr. Lofrano explained that, among other things, to the extent Mr. Lofrano participated in the consideration of HUD's self-reporting requirements and/or Wells Fargo's self-reporting policy, he consulted with Wells Fargo's in-house lawyers. *Id.* ¶ 3. The Government specifically asked whether Mr. Lofrano relied on the advice of Wells Fargo's legal department. *Id.* ¶ 4. Trial counsel for Mr. Lofrano responded that Mr. Lofrano was not in a position to waive the privilege concerning any legal advice, which belonged to Wells Fargo, but that counsel was in fact involved in the relevant decisions. *Id.* ¶ 5.

Mr. Lofrano and his trial counsel conveyed the same message—and the same warning—when they met with the Government a few weeks later, on January 7, 2014. *Id.* ¶¶ 6-7. Without disclosing the content of advice or waiving a privilege he did not own, Mr. Lofrano explained that, to the extent he participated in the consideration of HUD's self-reporting requirements and/or Wells Fargo's self-reporting policy, he relied upon the advice of counsel when doing so. *Id.* ¶ 7.

3

The December and January meetings left it unambiguous both that the Government was interested in (and aware of) the question whether Mr. Lofrano relied on advice of counsel and that Mr. Lofrano's position was that, as a matter of fact, he did rely on counsel. The only open question was whether he would formally assert that defense were a case brought against him.

That question was unambiguously answered as soon as the Government brought its case. The Government filed its amended complaint naming Mr. Lofrano for the first time on January 10, 2014; on March 17, 2014, Mr. Lofrano answered the SAC. And, as the Government concedes, Mr. Lofrano expressly asserted an advice of counsel defense in his Answer to the SAC. Gov't Br. at 4; Lofrano Answer to SAC at 36, Mar. 17, 2014, ECF No. 94.[2]

Since that date, Mr. Lofrano has continued to assert—and has done nothing to waive—his advice of counsel defense. In March 2014, Mr. Lofrano provided the Government with initial disclosures pursuant to Fed. R. Civ. P. 26. Those initial disclosures identified Wells Fargo attorneys Denise Brennan, Karen Jackson, and David Whitaker as individuals likely to have information Mr. Lofrano would use to support his defenses. Ex. C at 3-5. Although the Government now complains that Mr. Lofrano listed only "a small number of Wells-Fargo in-house counsel," Gov't Br. at 4, those attorneys were the ones who worked at Wells Fargo and (as far as Mr. Lofrano is aware) were consulted at various times regarding self-reporting. Ex. D at 117:6-9; 121:13-20.

On March 26, 2014, the Government served its first and only set of interrogatories on Mr. Lofrano, none of which sought information specific to the advice of counsel defense

---

[2]       Thus, the Government's statement that it "was on notice at the very outset of the case" that Mr. Lofrano "*inten[ded]* to raise an advice of counsel defense," Gov't Br. at 12 (emphasis added), makes no sense unless the Government is referring to the communications it had with Mr. Lofrano and his counsel before filing the SAC. Mr. Lofrano did actually raise an advice of counsel defense in his Answer.

asserted in Mr. Lofrano's March 17 Answer. *See* Ex. E. Mr. Lofrano's April 25, 2014 responses did not withhold on attorney-client privilege grounds any information related to Mr. Lofrano's advice of counsel defense. To the contrary, to the extent the interrogatories called for information about communications with lawyers, that information was included in Mr. Lofrano's responses. *See* Ex. F. For example, Mr. Lofrano's response to Government Interrogatory Number 4 (asking about individuals at Wells Fargo who discussed self-reporting requirements with Mr. Lofrano) listed attorneys Jackson, Brennan and Whitaker. *Id.* at 11-13. Similarly, in response to the Government's queries about individuals who "had some involvement in Wells' self-reporting of FHA loans to HUD," Mr. Lofrano identified attorneys Brennan, Jackson, and Whitaker. *Id.* at 7-9. Mr. Lofrano also identified attorney Jackson as a participant in Wells Fargo's Government Quality Assessment Group— ███████████████████████████

███████████████████████████████████████████████████████

███████████████  *Id.* at 16.

    Although both Wells Fargo and the Government at various times asserted privileges to refuse to produce documents, Mr. Lofrano never did. He was never served with document requests (as the Government admits, Gov't Br. at 4 n.3) and when the issue arose—in response to the Government's aggressive assertion of privilege—Mr. Lofrano went out of his way to inform the Government, in a letter to the Court, that he had not withheld any documents or information on grounds of attorney-client privilege. Letter to J. Furman, Apr. 16, 2015, ECF No. 158.

    On April 13, 2015, Mr. Lofrano again confirmed that he was pursuing an advice of counsel defense by serving the Government with requests for admission that "Wells Fargo's legal department was involved in any decisions made in 2004 concerning Wells Fargo's self-

5

reporting policy" that "Wells Fargo's legal department was involved in any decisions made in 2005 concerning Wells Fargo's self-reporting policy" and that "[t]o the extent Mr. Lofrano believed any changes should be made to Wells Fargo's self-reporting policy in 2005, his views were based on his good faith understanding of what HUD-FHA expected Wells Fargo to report (including based on his discussions with Mark Ross) and *the concurrence and approval of* his supervisors, *Wells Fargo legal personnel*, and relevant Wells Fargo committees."  Ex. G at 7-8 (Requests for Admission Nos. 27, 31, and 36) (emphasis added).

Armed with all of this information, and in the face of this Court's repeated warning that the fact discovery period would not be extended, *see* Order, Jan. 12, 2015, ECF No. 134; Order, Apr. 7, 2015, ECF No. 154, the Government proceeded to notice and take the depositions of a number of Wells Fargo employees identified in Mr. Lofrano and Wells Fargo's interrogatory responses and initial disclosures.  The Government asked questions of certain of these witnesses regarding legal advice, Ex. H at 151:13-24 (questioning whether witness spoke with legal about whether FHA loans should be self-reported); Ex. I at 151:3-15 (inquiring whether witness knew if anyone at Wells Fargo sought advice from an attorney about self-reporting requirements), demonstrating that it was aware of the issue of advice of counsel.  But the Government decided not to use any of its depositions on the Wells Fargo counsel Mr. Lofrano identified in his initial disclosures and interrogatory responses.

The Government noticed Mr. Lofrano's deposition near the end of fact discovery. Counsel for Mr. Lofrano offered to make Mr. Lofrano available for deposition on a number of dates beginning on May 7.  Had it taken Mr. Lofrano's deposition earlier, the Government would have again heard that Mr. Lofrano had specific conversations with counsel on which he relied and that—absent instruction—he would have been anxious to testify about them.  Instead, the

Government chose to wait until the very last day of fact discovery to take Mr. Lofrano's deposition and to ask him whether he relied on advice of counsel. Between the date of Mr. Lofrano's Answer and the date of the deposition, the Government never asked Mr. Lofrano or his counsel about that defense and whether he relied on advice of counsel, or raised any issue regarding that reliance to Wells Fargo, Mr. Lofrano, or the Court. Nor, to state the obvious, did it ever make a motion to this Court that the privilege had been waived because of Mr. Lofrano's affirmative defense, or to otherwise compel disclosure of information underlying the defense.

**C.    Lofrano's Testimony Concerning the Advice He Received from Counsel**

At Mr. Lofrano's deposition, he testified that ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ Ex. D at

113:19-114:11; 115:17-20. ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ *Id.* at

116:4-117:23; 118:7-12; 185:18-186:19.[3]

---

[3] ████████████████████████████████████████
████████████████████████████████ Ex. D at 70:25-71:21;
95:16-96:12; 107:5-15; 108:9-20; 156:19-157:7; 243:18-244:7; Ex. A at 211:15-212:8; 212:23-214:2; Ex.
J at 113:24-117:2; Ex. J at 232:11-19. ████████████████████████
████████████████████████████████ Ex. D at
117:14-23. ████
████████████████████████████████████████
████████████ Ex. D at 246:11-17; 249:2-
12; Ex. J at 268:11-271:22. No evidence supports the Government's allegation, *see* SAC ¶¶ 35, 37, 126,
that Mr. Lofrano made decisions for, or was the "head" of, these groups—and, significantly, the
Government's brief points to no such evidence despite that fact discovery has ended.

Mr. Lofrano testified that 

*Id.* at 102:12-103:3; 110:24-111:6; 112:4-15; 118:22-119:5; 120:15-23; 121:23-122:9; 142:3-11; 147:24-148:8.  He further testified that

*Id.* at 120:15-121:22; 123:19-124:12; 125:6-24; 132:8-13; 136:7-13; 143:15-23; 149;19-150:4.

Mr. Lofrano also testified that one basis for his view that the working group's decision in 2004 was reasonable was advice provided by counsel.  *Id.* at 125:6-24.  The Government asked Mr. Lofrano what question was put to legal; who provided the legal advice; in what form it was provided; what, if anything, was provided to the attorneys in connection with obtaining advice; whether legal provided anything in writing; in what setting the advice was given; who else was present when the advice was given; whether legal advice was given on more than one occasion; whether legal's advice on self-reporting changed over time; whether any

---

[4] 

Ex. D at 19:13-21:10; 46:1-47:9.  Contrary to the Government's assertion (for which it cites no evidence), Gov't Br. at 3, 

*See* Ex. K at W0000565378.

disagreement was expressed with respect to whether legal's opinion was consistent with HUD requirements; and other similar questions. *Id.* at 120-141.

Mr. Lofrano was prepared to answer those questions (and did answer certain of them that did not reveal the substance of advice given), but counsel for Wells Fargo instructed him not to testify concerning the substance of the legal advice that he received, noting that the privilege belongs to Wells Fargo. *Id.* at 104:24-105:19; 113:21-114:3; 120:15-122:16; 129:21-131:17. As the Government concedes, Mr. Lofrano himself does not own the privilege here. Gov't Br. at 8; *see also Upjohn Co. v. United States*, 449 U.S. 383, 394-95 (1981) (corporation holds privilege of attorney-client communications between its attorneys and other employees).[5] Accordingly, Mr. Lofrano followed the instruction. Rather than contacting the Court in an effort to resolve this issue during the deposition, the Government chose to go ahead with the deposition and raise the issue with the Court only after the close of fact discovery.

## ARGUMENT

Mr. Lofrano has not waived his advice of counsel defense. The Government's motion for additional discovery should be denied, except that Mr. Lofrano does not oppose, at the appropriate time, reopening his deposition for the limited purpose of him providing answers to the specific questions asked by the Government to which Wells Fargo interposed an instruction on grounds of attorney-client privilege.

### A.   Mr. Lofrano Is Entitled to Present His Advice of Counsel Defense, Which He Timely Asserted and Has Steadfastly Maintained

The Government jumps from its premise—that "[t]he law in this Circuit is settled that when a party invokes the advice of counsel defense, the attorney-client privilege is impliedly

---

[5]      Mr. Lofrano also testified that █████████████████████████████████
████████████ Ex. D at 236:18-25; 240:25-242:2.

waived," Gov't Br. at 3, and therefore Mr. "Lofrano's assertion of an affirmative advice of counsel defense" operates as a waiver against Wells Fargo, *id.* at 8-11—to the incorrect (and unconstitutional) conclusion that Mr. Lofrano has waived the advice of counsel defense because he purportedly made "no effort whatsoever to disclose evidence underlying his advice of counsel defense." *Id.* at 14.  The Government complains that Mr. "Lofrano was aware that the Bank had withheld as privileged all documents reflecting legal advice about self-reporting and he made no effort whatsoever to ensure that the Government received full (or even any) discovery concerning his advice of counsel defense." *Id.* at 5.

It was not incumbent upon Mr. Lofrano, however, to ensure that the Government received the discovery the Government wanted to counter Mr. Lofrano's affirmative defense.  To state the obvious, that was the role of the Government.  And, if the Government's brief is to be believed, every single one of the arguments it now makes with respect to the waiver of the privilege could have made the day after Mr. Lofrano served his affirmative defense asserting the advice of counsel defense.  If the Government chose not to challenge Wells Fargo's privilege assertions earlier (and before the close of fact discovery), or not to take any depositions of the attorneys identified by Mr. Lofrano, or to wait until the last day to take Mr. Lofrano's deposition, it was not Mr. Lofrano's responsibility to tell the Government otherwise or presume the Government did not know what it was doing.

Mr. Lofrano did what he needed to do to both assert and preserve the affirmative defense by asserting it in his Answer, Fed. R. Civ. P. 12(b), and never once relying on a privilege he asserted as a basis for withholding documents or information requested by the Government.[6]

---

[6]     Although Mr. Lofrano's interrogatory responses asserted a general privilege objection, he did not in fact withhold any information on that basis, as reflected in our April 16, 2015 letter. Letter to J. Furman, ECF No. 158.

Indeed, he did not refuse to answer any Government question whatsoever on grounds of privilege until the last day of fact discovery and only then because Wells Fargo—and not his own counsel—asserted a privilege objection and refused to let him answer questions he would have been anxious to address.

It follows that none of the cases cited by the Government support its waiver argument. First, the Government relies on cases involving circumstances in which *the same party* that was asserting the advice of counsel defense also simultaneously invoked attorney-client privilege. *See In re Residential Capital, LLC*, 491 B.R. 63, 69 (Bankr. S.D.N.Y. 2013); *Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936 (KMW), 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011); *Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) (cited by the Government at Gov't Br. at 14). In those circumstances, courts appropriately have held that a party cannot use the privilege as a sword and as a shield, *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991), as when a party has the power to waive the privilege, its assertion of the advice of counsel operates as a waiver.

Here, however, as the Government admits, "the relevant privilege in this matter is held by Wells Fargo," Gov't Br. at 8 n.4, and not Mr. Lofrano, and the Government does not cite a single case where the refusal of a party who owns the privilege operates as a waiver of an affirmative defense against a separate party who does not own the privilege, who has not asserted it, and who has not declined to produce any information or documents on the grounds of his own attorney-client privilege. To the contrary, a waiver is an intentional relinquishment of a known right, *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)), and where Mr. Lofrano did not have a right to turn over information (and was never requested to do so)—as the Government admits, Gov't Br. at 13—his alleged failure to

compel Wells Fargo to do so cannot operate as a waiver of his personal affirmative defense. Indeed, the only authority we are aware of that is directly on point supports Mr. Lofrano, and holds that the assertion of an advice of counsel defense by individuals who can raise such defense while a corporate defendant asserted attorney-client privilege did not "present an instance in which the privilege is impermissibly used as 'both' a sword and a shield." *United States v. W.R. Grace*, 439 F. Supp. 2d 1125, 1144 (D. Mont. 2006).

The Government also claims that Mr. Lofrano could have moved for a protective order to require Wells Fargo to produce privileged documents, *see United States v. Mix*, No 12-171, 2012 WL 2420016 (E.D. La. June 26, 2012), and suggests that Mr. Lofrano was compelled to burden the Court with such a motion to preserve his ability to assert the affirmative defense at trial. Gov't Br. at 4-5, 11. But *Mix* does not remotely support that claim. The defendant in that case sought production of the documents because he wanted "to use [the privileged documents] at trial," not because he needed to make the motion to preserve an affirmative defense. *Id.* And, accordingly, the Court did not hold that an individual defendant who wants to assert an affirmative defense is required to make every motion necessary for his adversary to receive relevant documents in order to preserve the defense. That is the role of the adversary.

Here, Mr. Lofrano has been prepared—and is prepared—to rely on his own testimony regarding the advice he received, as well as on the non-privileged documents already produced by Wells Fargo that corroborate such advice was given to support his affirmative defense. Such testimony will establish that Mr. Lofrano received oral advice with respect to self-reporting requirements and that he followed and relied on the advice. The testimony is also corroborated by a number of produced documents showing that Wells Fargo's legal department was involved in decisions concerning Wells Fargo's self-reporting policy. *See, e.g.*, Ex. L at 2



); Ex. M (

); Ex. N at W0000044354 (

). If the Government

needed testimony from other witnesses or additional documents from Wells Fargo, it should have

made the motion it is now making during the fact discovery time period.

Mr. Lofrano has a constitutional right to present all defenses available to him.

*Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to

present every available defense.") (quoting *American Surety Co. v. Baldwin*, 287 U.S. 156, 168

(1932)). The Government asserts a claim with punitive aspects, for "hundreds of millions of

dollars," including "treble the Government's damages, and civil penalties for the maximum

amount allowed by law." SAC ¶¶ 5, 203(b); *United States v. Sanchez*, 520 F. Supp. 1038, 1040

(S.D. Fla. 1981) (where government sought $92,000 fine, rejecting government's argument that

defense was foreclosed; noting that "characterizing the sanction as civil does not alter the fact

that a penalty is being imposed by the Government for violation of the law, and in these cases, a

very severe penalty. As such, this Court feels compelled to afford Defendants every opportunity

to establish whatever defenses may exist, in law and fact, to the penalties imposed.").

Mr. Lofrano's reliance in good faith on the advice of counsel represents a

complete defense (as the Government admits) and defeats the scienter requirement of the

Government's FCA and FIRREA claims. *See* 31 U.S.C. § 3729(b); *U.S. ex rel. Mikes v. Straus*,

84 F. Supp. 2d 427, 432 (S.D.N.Y. 1999); *United States ex rel. Hochman v. Nackman*, 145 F.3d

13

1069, 1073 (9th Cir. 1998).[7]  The Government made no attempt whatsoever to request discovery

regarding Mr. Lofrano's advice of counsel defense from either Mr. Lofrano or Wells Fargo, and

there is no basis for its suggestion that defendants nonetheless somehow were required to but

failed to provide that discovery.  The Government cannot shift responsibility onto Mr. Lofrano

for the Government's tactical decision not to pursue discovery, and use that decision to deprive

Mr. Lofrano of his right to present this defense.

        The Government's illogical suggestion that defendants have been both in

"conflict" and, at the same time, in collusion to conceal their supposed conflict from the

Government, is equally baseless.  Gov't. Br. at 10.  Wells Fargo has not asserted an advice of

counsel defense and will not gain any advantage from Mr. Lofrano's assertion of the defense,

and if Mr. Lofrano were merely Wells Fargo's puppet he would not have asserted the defense at

all.  Similarly, Mr. Lofrano does not gain any advantage from Wells Fargo claiming privilege.

While Mr. Lofrano does not need the documents and testimony that Wells Fargo has withheld in

order to assert his advice of counsel defense, he was prepared to answer the questions posed to

him at his deposition.

**B.  The Government's Belated Request to Re-open Fact Discovery Should Be Denied**

        The Government (and the team pursuing the case against Mr. Lofrano) has known

for over a year that Mr. Lofrano asserted an advice of counsel defense, and would likely testify

that he had received legal advice on self-reporting issues.  Mr. Lofrano raised that affirmative

defense in his Answer and identified lawyers in his initial disclosures and interrogatory

---

[7]      The Government's FIRREA claims against Mr. Lofrano are based on alleged violations of 18 U.S.C. § 1001, 1006, 1014, 1341, and 1343.  Section 1001 requires "knowing and willful" misconduct; section 1006 requires a false statement with the intent to defraud; section 1014 requires a knowingly false statement; sections 1341 and 1343 require knowing participation in a scheme to defraud with the specific intent to defraud.

responses. Indeed, he alerted the Government to the issue in December 2013 and January 2014, even before the Government filed its lawsuit against Mr. Lofrano. During that entire time, the Court warned all parties more than once that it would not extend discovery, ECF Nos. 134, 154, and the parties were on notice that they should use the time the Court made available to pursue both the claims asserted and the affirmative defenses interposed.

Wells Fargo and Mr. Lofrano used the period to discover and challenge the Government's affirmative claims. So too did the Government with respect to certain of the defendants' arguments and affirmative defenses. The Government chose not to take the deposition of Wells Fargo's lawyers—whose names it had been given. No one deprived the Government of the right to notice those depositions. With respect to documents, the Government chose the grounds on which to oppose Wells Fargo's assertion of privilege. Wells Fargo served its privilege log on March 31, 2015. The Government challenged Wells Fargo's withholding of documents based on the bank examiner privilege a week later on April 7, but made no challenges concerning attorney client privilege until a week before the May 15 close of fact discovery, and even then it did not do so on the basis of waiver. Indeed, until Wells Fargo instructed Mr. Lofrano not to answer particular questions at his deposition on the last day of fact discovery, the Government never once suggested or argued that Mr. Lofrano's assertion of the advice of counsel defense operated as a waiver against Wells Fargo. And the Government chose not to serve any document requests or contention interrogatories on Mr. Lofrano.

It is now too late for the Government to reopen discovery and to seek depositions and make arguments it could have made during the period of fact discovery. The Court gave the Government time to notice and take fact depositions; that time has expired. Scheduling Order, Nov. 19, 2014, ECF No. 131. The Court also gave the parties ample time to request documents

15

and to challenge document production.  That time too has expired.  The parties—certainly Mr.

Lofrano—have planned their defenses based on the documents that have been produced and the

depositions that have been taken.  And the Court's scheduling Order, to which Mr. Lofrano

intends studiously to adhere, calls for the parties now to move to expert discovery.

Mr. Lofrano would not oppose a request for an Order permitting him to answer

the Government's questions at his deposition (for which he followed the privilege instruction of

Wells Fargo counsel) at a later time before trial, as determined by the Court.  But it would be the

height of unfairness, would reward the Government for its own tactical or reckless decision, and

would disserve judicial efficiency for the Court now to give the Government leave to take

depositions it affirmatively chose not to take during the time fixed for fact discovery or to make

additional arguments with respect to the production of documents it chose not to assert during

that period.

## CONCLUSION

For the foregoing reasons, the Government's motion should be denied, except to

the extent it seeks to reopen the deposition of Mr. Lofrano so that he can answer the questions

about advice of counsel that he was instructed not to answer on May 15.

Dated: New York, New York     CLEARY GOTTLIEB STEEN & HAMILTON LLP
      June 2, 2015

                By: _____
                     Lewis Liman
                     Meredith E. Kotler
                     Liana Roza Vitale
                     One Liberty Plaza
                     New York, New York 10006
                     Phone: (212) 225-2000
                     Facsimile: (212) 225-3999

                     *Attorneys for Defendant Kurt Lofrano*

16