UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                  Plaintiff,

    - against -

WELLS FARGO BANK, N.A. and KURT
LOFRANO,

                                Defendants.

12 Civ. 7527 (JMF) (JCF)

ECF CASE

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KURT LOFRANO'S
MOTION TO AMEND AND CERTIFY THE COURT'S SEPTEMBER 22, 2015 ORDER
FOR INTERLOCUTORY APPEAL**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
INTRODUCTION .................................................................................................................. 1
ARGUMENT .......................................................................................................................... 2
     I.     The Order Involves a Controlling Question of Law ................................................ 3
     II.    There are Substantial Grounds to Reach a Contrary Result on the Merits of the Question Presented .................................................................................................. 6
     III.   Interlocutory Review May Materially Advance the Ultimate Termination of the Litigation ................................................................................................................ 10
CONCLUSION ..................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Creighton*,
    483 U.S. 635 (1987) .................................................................................................. 8

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*,
    No. 12 Civ. 8852 JMF, 2014 WL 1881075 (S.D.N.Y. May 9, 2014) .......................... 2

*Bernstein v. Universal Pictures, Inc.*,
    79 F.R.D. 59 (S.D.N.Y. 1978) ...................................................................................... 12

*Capitol Records, LLC v. Vimeo, LLC*,
    972 F. Supp. 2d 537 (S.D.N.Y. 2013) .......................................................................... 4, 6

*Commodity Futures Trading Comm'n v. Weintraub*,
    471 U.S. 343 (1985) .................................................................................................... 5

*Consub Del. LLC v. Schahin Engenharia Limitada*,
    476 F. Supp. 2d 305 (S.D.N.Y. 2007) .......................................................................... 4

*In re Cnty. of Erie*,
    546 F.3d 222 (2d Cir. 2008) ........................................................................................ 8

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
    No. 11 Civ. 5994 (CM), 2012 U.S. Dist. LEXIS 100827 (S.D.N.Y. July 18, 2012) .... 4

*Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*,
    No. 08 Civ. 492 (WHP), 2009 WL 5177977 (S.D.N.Y. Dec. 15, 2009) ...................... 2

*Glatt v. Fox Searchlight Pictures, Inc.*,
    No. 11 Civ. 6784 (WHP), 2013 U.S. Dist. LEXIS 139594 (S.D.N.Y. Sept. 17, 2013)   10-11

*In re Grand Jury Subpoenas Served Upon Field*,
    408 F. Supp. 1169 (S.D.N.Y. 1976) ............................................................................ 9

*In re Joint E. and S. Dist. Asbestos Litig.*,
    715 F. Supp. 1167 (E.D.N.Y. 1988) ............................................................................ 11, 12

*Klinghoffer v. S.N.C.*,
    921 F.2d 21 (2d Cir. 1990) .......................................................................................... 4-5

*Meriwether v. Coughlin*,
    879 F.2d 1037 (2d Cir. 1989) ...................................................................................... 12

*Meyerhofer v. Empire Fire and Marine Insurance Co.*,
    497 F.2d 1190 (2d Cir. 1974) ...................................................................................... 10

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009) .................................................................................................. 3

*Moskowitz v. Lopp*,
    128 F.R.D. 624, 637-38 (E.D. Pa. 1989) ...................................................................... 7

*Murray v. Metro. Life Ins. Co.*,
    583 F.3d 173 (2d Cir. 2009) ........................................................................................ 2

*In re Nat'l Smelting of N.J., Inc. Bondholders' Litig.*,
    No. 84-CV-3199, 1989 U.S. Dist. LEXIS 16962 (D.N.J. June 29, 1989) .................... 7-8

*Ortho Pharm. Corp. v. Smith*,
    959 F.2d 936 (Fed. Cir. 1992) ..................................................................................... 7

*Rosen v. NLRB*,
    735 F.2d 564 (D.C. Cir. 1984) ................................................................................... 10

*Ross v. City of Memphis*,
    423 F.3d 596 (6th Cir. 2005) ....................................................................................... 8

*Swidler & Berlin v. United States*,
    524 U.S. 399 (1998) ................................................................................................. 7, 8

*United States v. Colasuonno*,
    697 F.3d 164 (2d Cir. 2012) ........................................................................................ 5

*United States v. Weisberg*,
    No. 08-CR-347 (NGG) (RMJ), 2011 WL 1327689 (E.D.N.Y. Apr. 5, 2011) ............. 7

*United States v. W.R. Grace*,
    439 F. Supp. 2d 1125 (D. Mont. 2006) ........................................................................ 7

*United States v. Renzi*,
    No. CR 08-212 TUC DCB (BPV), 2010 WL 582100 (D. Ariz. Feb. 18, 2010) .......... 7

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) .................................................................................................. 5, 9

*Weber v. United States Tr.*,
    484 F.3d 154 (2d Cir. 2007) ........................................................................................ 2

*Wharton v. Calderon*,
    127 F.3d 1201 (9th Cir. 1997) ..................................................................................... 9

*Williamson v. United States*,
    207 U.S. 425 (1908) .................................................................................................... 6

*X Corp. v. Doe*,
    805 F. Supp. 1298 (E.D. Va. 1992) ............................................................................ 9

**Rules and Statutes**

15 U.S.C. § 78dd-1 ............................................................................................................ 5

15 U.S.C. § 78j ................................................................................................................... 5

28 U.S.C. § 1292(b) ................................................................................................... *passim*

35 U.S.C. § 284 .................................................................................................................. 5

Federal Rule of Appellate Procedure 5(a)(3) ..................................................................... 2

Defendant Kurt Lofrano respectfully submits this memorandum of law in support of his motion to amend and certify the Court's September 22, 2015 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## INTRODUCTION

In its September 22 Order, the Court granted defendant Wells Fargo Bank, N.A.'s motion for a protective order, precluding Mr. Lofrano from asserting an advice of counsel defense that all parties agree would be a complete defense to the claims against him. ECF No. 295. The Government does not dispute that Mr. Lofrano has a right to present his own testimony in support of such a defense. The Court nonetheless held that because Mr. Lofrano's assertion of an advice of counsel defense would give rise to a right of the Government to obtain some privileged information from Wells Fargo and because Wells Fargo had declined to produce any privileged information to Mr. Lofrano and to the Government, Mr. Lofrano should be the loser: he should not be permitted to offer his truthful testimony regarding the legal advice he received and the actions he took in good faith reliance on such advice. *Id.* at 1-2. Putting aside fairness considerations, this is a controlling legal conclusion as to which there are substantial grounds to reach a contrary result. A contrary resolution of this question also could materially advance the ultimate termination of the litigation. The September 22 Order therefore satisfies each of the criteria for interlocutory review under Section 1292(b). The Court should afford the Second Circuit an opportunity to address without delay whether Mr. Lofrano and countless other employees who go to legal counsel for advice in performing their jobs have a right to rely on that advice as a defense if company counsel "gets it wrong" (or if counsel's advice is later questioned by the Government), or whether, instead, the right to present an advice of counsel defense so

1

well-established in the law is effectively a dead letter in the Second Circuit, left to the sole discretion and whim of the employer.

## ARGUMENT

Certification of an order for interlocutory review is appropriate when the "order [1] involves a controlling question of law [2] as to which there is a substantial ground for difference of opinion" and "[3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b);[1] *see also, e.g.*, *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 176 (2d Cir. 2009). Failure to satisfy one of these factors is not "fatal to certification" when other factors strongly counsel in favor of immediate appeal. *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, No. 12 CIV. 8852 JMF, 2014 WL 1881075, at *2 (S.D.N.Y. May 9, 2014); *Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*, No. 08 Civ. 492 (WHP), 2009 WL 5177977, at *2 (S.D.N.Y. Dec. 15, 2009) (citing 16 Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 3930 (2d ed. 2009) ("The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal.")).

The Court's September 22 Order satisfies each of the elements for certification under Section 1292(b). And, even if it did not, the three factors read together support an immediate appeal in this case. The privilege questions at issue in the September 22 Order satisfy the criteria of the type of problem the prompt resolution of which Congress sought to ensure when enacting Section 1292(b). *Weber v. United States Tr.*, 484 F.3d 154, 159 (2d Cir. 2007);

---

[1] Section 1292(b) provides that the Court may certify for interlocutory appeal an order by stating that the standard has been met "in writing in such order." 28 U.S.C. § 1292(b). Federal Rule of Appellate Procedure 5(a)(3) authorizes a district court to amend an order to add the findings required for interlocutory appeal. Fed. R. App. P. 5(a)(3).

*see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009) ("district courts should not hesitate to certify an interlocutory appeal" where "a privilege ruling involves a new legal question or is of special consequence"). The questions also raise an issue of dramatic importance in this Circuit and throughout corporate America – whether employees who take the step to disclose confidential information to corporate counsel to obtain advice for performing their jobs can rely on that advice in good faith in defense of an enforcement action, should it turn out that counsel's advice was wrong.

## I.     The Order Involves a Controlling Question of Law

The Court held in the September 22 Order that an individual employee is absolutely barred from pursuing an advice of counsel defense through his own testimony when the company of which he is an employee objects. ECF No. 295 at 2. While recognizing that this "result is arguably harsh in this particular case," the Court ruled that regardless of the facts supporting Mr. Lofrano's defense, Mr. Lofrano could not present such a defense because it would result in the disclosure by Mr. Lofrano of privileged information and his employer – Wells Fargo – had not consented. *Id.* at 2, 7-8. In so doing, the Court acknowledged that its ruling "may well deprive Lofrano of his best defense to liability for tens of millions of dollars," *id.* at 2, but ruled that such result was "the necessary consequence of commitment to the important policies and values underlying the attorney-client privilege." *Id.* at 13.

The Court's ruling reflected a pure conclusion of law. The Court did not engage in a balancing of the interests of the parties, find facts, or exercise its discretion. It ruled that balancing was prohibited by relevant Supreme Court decisions and by the policies supporting the attorney-client privilege, and that it was required to preclude Mr. Lofrano "from asserting an advice of counsel defense in light of Wells Fargo's refusal to waive its attorney-client privilege." *Id.* The Second Circuit thus can evaluate the Court's holding "quickly and cleanly without

3

having to study the record," making certification especially appropriate here. *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551-53 (S.D.N.Y. 2013); *accord Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007). It need not review Mr. Lofrano's proposed testimony, the information that Wells Fargo would be required to disclose, or whether there would be evidence to oppose the assertion of the defense: the Court held that all of those factors were irrelevant.

This question of law is also "controlling," *i.e.*, its resolution could materially affect the outcome of the litigation. *See, e.g.*, *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11 Civ. 5994 (CM), 2012 U.S. Dist. LEXIS 100827 (S.D.N.Y. July 18, 2012); *Capitol Records*, 972 F. Supp. 2d at 551 (question controlling if reversal could materially affect outcome of litigation). The Court recognized, and all parties agreed, that "if successfully pursued, the advice of counsel defense would be a complete defense to the Government's claims against Lofrano." *See* ECF No. 295 at 3. Without anything more, then, the defense would exculpate Mr. Lofrano against the Government's allegations against him in their entirety. And if Mr. Lofrano can pursue the defense, he may well not need to present any other evidence. If he cannot, the Court acknowledged, he may well be "deprive[d] . . . of his best defense to liability for tens of millions of dollars." *Id.* at 2. As in the case before the Court, and likely in countless other similar cases that will be before other courts, the question is controlling: if the Court's ruling is upheld, no employee will be able to rely on the erroneous advice of counsel, regardless of the strength of that advice, absent employer consent.

Moreover, a reversal of the September 22 Order could be expected to have the same far-reaching consequences in numerous other cases. *See Klinghoffer v. S.N.C.*, 921 F.2d 21, 24 (2d Cir. 1990) (recognizing impact appeal will have on other cases as a factor supporting

4

interlocutory review). The advice of counsel defense applies to multiple claims provided by the civil code alone, from securities violations, *e.g.*, 15 U.S.C. § 78j, to intellectual property infringement, *e.g.*, 35 U.S.C. § 284, to violations of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1. *See also* Lofrano Br. at 10-11, ECF No. 280 (Aug. 11, 2015) (identifying additional examples). The prevalence with which employees receive and rely on legal advice from company counsel is undisputed and undeniable. *See* Wells Fargo Rep. at 2, ECF No. 282 (Aug. 8, 2015) (acknowledging effect of Court's decision on "'every other employee similarly situated'"). Indeed, it is a policy of the law to encourage employees to seek the advice of corporate counsel. *See Upjohn Co. v. United States*, 449 U.S. 383, 391-92 (1981) (recognizing need for corporate counsel to provide legal advice to "lower-level" employees in light of "vast and complicated array of regulatory legislation confronting the modern corporation").

In none of these cases does the employee have the right to "waive" the attorney-client privilege: that is a right that belongs to the corporation and ordinarily can only be exercised by its officers and directors. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985). Moreover, in none of these cases can the employee rely on the advice of individual, personal counsel. The requirement that employees keep company information confidential, along with the requirement that the employee "fully and honestly" disclose all relevant facts in order to assert the defense, precludes such reliance as a matter of practice. *See United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012) (setting forth elements of advice of counsel defense, including full and honest disclosure to counsel). It stands to reason that when an individual is charged for conduct taken as an employee on behalf of the company, he should be able to rely on, and present as a defense, the legal advice the company encouraged him to receive in his capacity as an employee. Permitting such a defense and benefitting the

5

employee for seeking advice is not in derogation of the privilege; it is in service of the privilege. The Court's ruling, by contrast, diminishes the value of legal advice by precluding the advice of counsel defense as a wholesale matter in precisely those cases where the defense is most important (and where it most serves the purpose of encouraging employees to seek the advice of counsel) – where, as the Government effectively alleges here, counsel gave incorrect advice and the employee relied on it good faith nonetheless. That result, if it is required by Supreme Court law as this Court held, should be compelled by the Court of Appeals across all cases within the Circuit.

## II. There are Substantial Grounds to Reach a Contrary Result on the Merits of the Question Presented

Under Section 1292(b), "a substantial ground for a difference of opinion" exists "when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records*, 972 F. Supp. 2d at 551 (quotation marks omitted). While either ground is sufficient, both are satisfied here.

As an initial matter, the Court correctly stated in its September 22 Order that the question is "one of first impression in this Circuit." ECF No. 295 at 2, 5. It added that the question "is a difficult one because it involves a conflict between two indisputably weighty principles." *Id.* at 5. The advice of counsel defense, and the right to present it, are of significant historical pedigree and huge weight. It was recognized as a defense to scienter-based violations as early as 1908, *see Williamson v. United States*, 207 U.S. 425 (1908), and serves to encourage individuals to seek the advice of counsel, a policy integral to the effective functioning of a society that relies for the most part on self-policing, and not the police, for promoting adherence to the law. So important is the policy of the advice of counsel defense that an individual can rely on even incorrect advice of a lawyer as long as he does so in good faith and following full and

6

honest disclosure.  *See Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992) (recognizing that significance of relying on advice of counsel "arises only where counsel was wrong").  At the same time, the Court recognized "the important policies and values underlying the attorney-client privilege."  ECF No. 295 at 13.  How one reconciles those principles, and whether they are in fact competing principles that need to be reconciled, satisfies the criteria that there be difficult questions of law under Section 1292(b).

In addition, as this Court also recognized, there is also "conflicting authority on the issue."  While the Court has raised questions whether it was correctly decided, *id.* at 12, the District of Montana held in *United States v. W.R. Grace*, 439 F. Supp. 2d 1125 (D. Mont. 2006), that a corporation's interest in protecting the confidentiality of its attorney-client communications cannot trump an employee's right to present a valid advice of counsel defense.  Acknowledging the difference of opinion, the Court itself stated it was "hard to square the *Grace* Court's holding with [this Court's reading of] the Supreme Court's decision" in *Swidler & Berlin v. United States*, 524 U.S. 399 (1998).  ECF No. 295 at 12.  As the Court noted in its September 22 Order, numerous other decisions also have recognized an individual's right to present a defense of advice of counsel notwithstanding the corporation's objection.  *Id.* at 13 n.3 (citing *United States v. Weisberg*, No. 08-CR-347 (NGG) (RMJ), 2011 WL 1327689, at *5 (E.D.N.Y. Apr. 5, 2011) (holding defendant entitled present attorney-client communications in court where contrary result would be fundamentally unfair and violate constitutional rights); *United States v. Renzi*, No. CR 08-212 TUC DCB (BPV), 2010 WL 582100, at *11 (D. Ariz. Feb. 18, 2010) (employing the approach of *Grace* to determine if attorney-client communications could be used at trial); *Moskowitz v. Lopp*, 128 F.R.D. 624, 637-38 (E.D. Pa. 1989) (permitting individual defendants to use attorney-client materials in support of advice of counsel defense); *In re Nat'l*

7

*Smelting of N.J., Inc. Bondholders' Litig.*, No. 84-CV-3199, 1989 U.S. Dist. LEXIS 16962, at *15-17, 23-40 (D.N.J. June 29, 1989) (holding that "demands for fairness" to litigants required court to permit advice of counsel defense)).[2]

Further, while the Court relied on *Ross v. City of Memphis*, 423 F.3d 596 (6th Cir. 2005), it also recognized that that case was "not binding on this Court" and was distinguishable. ECF No. 295 at 10. As the Court noted, "advice-of-counsel" is not strictly speaking a defense to a claim of civil rights violations. *See id.* The question in those cases is whether a defendant's actions violated "clearly established law" sufficient to support a damages claim, and that question turns on objective, rather than subjective, criteria. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987) ("[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action . . . assessed in light of legal rules that were 'clearly established' at the time it was taken."). A defendant need not have sought or received legal advice at all as long as an expert or the Court itself later concludes that the defendant's action did not violate clearly established law. *Ross*, 423 F.3d at 603-04; *accord In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (holding that reliance upon advice of counsel cannot be used to support the objective defense of qualified immunity and that such a defense therefore does not waive privilege). Here, by contrast, advice of counsel is both "a complete defense to the Government's claims against [Mr. Lofrano and could not be pursued] without the confidential communications at issue." ECF No. 295 at 10.

---

[2] Although the Court distinguished certain of these cases because they involved criminal rather than civil proceedings, the Supreme Court has made clear that the attorney-client privilege applies equally in the civil and criminal contexts. ECF No. 295 at 12-13 & 12 n. 2 (citing *Swidler*, 524 U.S. at 408-09 ("there is no case authority for the proposition that the privilege applies differently in criminal and civil cases")).

Indeed, until the holding in this case, the Supreme Court and courts within this Circuit had understood the attorney-client privilege as providing a right (or "privilege") in the privilege-holder or its counsel (acting on its behalf) to refuse to produce communications seeking or reflecting legal advice. *See, e.g.*, *Upjohn*, 449 U.S. at 395 (protecting corporate attorney-client communications from "compelled disclosure"); *In re Grand Jury Subpoenas Served Upon Field*, 408 F. Supp. 1169, 1172 (S.D.N.Y. 1976) (purpose of privilege is "to promote freedom of communication among attorneys and their clients by removing the fear of compelled disclosure."); *see also Wharton v. Calderon*, 127 F.3d 1201, 1205 (9th Cir. 1997) (distinguishing between the privilege's protection against compelled disclosure and an attorney's voluntary disclosure of communications, which is governed by ethics rules); *X Corp. v. Doe*, 805 F. Supp. 1298, 1307-08 (E.D. Va. 1992) (same).

That explains the Court's holding in *Swidler & Berlin*. The issue the Court there addressed was "whether the information at issue was (or remained) privileged in the first instance, not whether the privilege could be overcome," ECF No. 295 at 7, and the case arose in the context of the Government's attempt to compel production of information when the holder of such information declined to do so. But the issue in this case is not whether Mr. Lofrano is entitled to obtain information from Wells Fargo – Wells Fargo gave him that information and, as an employee, expected him to rely on it. Neither *Swidler & Berlin* nor any other case identified by counsel has held that the privilege imposes a free-standing restriction against the voluntary *use*, without compulsion, by a company employee of privileged information when that information was lawfully possessed and received by him as employee, in the defense of an action charging him with violations for actions taken as an employee. Indeed, no one claims that if Mr. Lofrano wanted to take out an advertisement and publish his defense in the New York Times for

9

all to read, the *attorney-client privilege* would prevent him from doing so or entitle Wells Fargo to an injunction against such public disclosure. But to counsel's knowledge, until the Court's decision in this case, there was no case holding that when an individual charged with a serious offense seeks instead to offer in court an advice of counsel defense and to testify truthfully and voluntarily with respect to the information he lawfully holds, he is nonetheless required to receive consent of the employer.[3] The Circuit could hold that that is the law, but before Mr. Lofrano is precluded from presenting his defense and subject to the reputational and financial ruin of an adverse verdict on a fraud claim, the Circuit should be given the opportunity to decide whether *Swidler & Berlin* requires that result.

### III. Interlocutory Review May Materially Advance the Ultimate Termination of the Litigation

Finally, an immediate appeal may materially advance the ultimate disposition of the case. That "ultimate disposition" will occur in either of two ways – either Mr. Lofrano will prevail at trial (and on any Government appeal) or he will not prevail and the matter will not be ultimately disposed of until after trial.[4] Either way, interlocutory review now will advance the ultimate disposition of the matter, for this factor is satisfied where – as here – interlocutory review could result in simplification of the issues in dispute or the avoidance of an expensive and time-consuming retrial. *See, e.g.*, *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784

---

[3] By contrast, even attorneys have the right to disclose – over their client's objection – confidential attorney-client communications when necessary to defend themselves or their associates against claims of misconduct. *See, e.g.*, *Rosen v. NLRB*, 735 F.2d 564 (D.C. Cir. 1984) (recognizing right of attorney to present privileged material irrespective of corporation's waiver under Disciplinary Rule 4-101); *Meyerhofer v. Empire Fire and Marine Insurance Co.*, 497 F.2d 1190, 1195 (2d Cir. 1974) (same).

[4] Mr. Lofrano assumes, as he must and for purposes of this motion only, that his summary judgment motion will be denied. But, even if that assumption is incorrect, granting his 1292 motion still will advance the ultimate termination of the litigation. If the Court grants the 1292 motion now, Mr. Lofrano will proceed expeditiously and pursue his appeal while this Court considers and decides the parties' motions for summary judgment on other issues. *See* 28 U.S.C. 1292(b) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order").

(WHP), 2013 U.S. Dist. LEXIS 139594, at *6-7 (S.D.N.Y. Sept. 17, 2013) (review appropriate where clarification of uncertain standard could simplify the issues for trial and avoid retrial); *In re Joint E. and S. Dist. Asbestos Litig.*, 715 F. Supp. 1167, 1170 (E.D.N.Y. 1988) (same where certification would avoid risk of a second trial).

Interlocutory review of the September 22 Order would definitively determine now whether Mr. Lofrano may present his advice of counsel defense, clarifying the issues for trial and ensuring a prompt resolution of this litigation. Should the Court of Appeals conclude that Mr. Lofrano can present the defense, the Government can take any necessary discovery and Mr. Lofrano can pursue all his defenses at one single trial against him. The jury will determine as a matter of fact and on a complete record the merits of the Government's claims, including whether as a matter of fact Mr. Lofrano's advice of counsel defense is meritorious. If the jury concludes that the defense *is* meritorious, that will end the matter. Mr. Lofrano will be found not liable. If the jury finds that Mr. Lofrano was not entitled to rely on the advice of counsel, that too likely will end the matter. In the absence of clear error, the jury's findings will be given respect, and the ultimate termination of the litigation will be advanced.

Should the Court of Appeals determine that Mr. Lofrano is not able to assert an advice of counsel defense, that too will advance the ultimate termination of the dispute. Mr. Lofrano will focus his efforts on his few remaining defenses, and will present them to the Court or the jury. If they prevail, the case will be at an end. And, if they do not prevail, the disposition will still be speeded because Mr. Lofrano will be shorn of his best issue for appeal.

The current posture presents the worst of both worlds. Without his clear-cut advice of counsel defense which this Court acknowledged may be his "best defense," Mr. Lofrano will be forced to try to establish his innocence through the expensive and time-

11

consuming presentation of additional evidence and defenses that may fail and that, had he been permitted to advance the defense in the first place, would have been wholly unnecessary. Or those other defenses may well succeed. But, if they do not, he will still retain for appeal the purely legal issue, and on appeal outcome-determinative issue, of whether the outright preclusion of his advice of counsel defense was correct and whether a re-do is required. How much better for that issue to be determined now, once and for all. *See, e.g.*, *Meriwether v. Coughlin*, 879 F.2d 1037, 1038 (2d Cir. 1989) (accepting a 1292(b) certification where the trial court certified an order to avoid the possibility of an unnecessary second trial); *In re Joint E. and S.*, 715 F. Supp. at 1170 (holding that certification was justified to avoid the necessity of a full retrial); *Bernstein v. Universal Pictures, Inc.*, 79 F.R.D. 59, 71 (S.D.N.Y. 1978) (same).

## CONCLUSION

For the reasons set forth above, Mr. Lofrano respectfully requests that the Court amend and certify its September 22, 2015 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: New York, New York  
October 7, 2015

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ *Lewis J. Liman*
Lewis J. Liman
Meredith E. Kotler
Liana Roza Vitale
Daniel J. Northrop
One Liberty Plaza
New York, New York 10006
Phone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Defendant Kurt Lofrano*