USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/02/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                   :
UNITED STATES OF AMERICA,                :
                                                   :
                    Plaintiff,                :        12-CV-7527 (JMF)
                                                   :
          -v-                                  :        MEMORANDUM OPINION
                                                   :               AND ORDER
WELLS FARGO BANK, N.A., et al.,     :
                                                   :
                   Defendants.             :
                                                   :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      By Opinion and Order entered on September 22, 2015, this Court held, on a question of first impression in this Circuit, that Defendant Kurt Lofrano may not pursue an advice-of-counsel defense over the objection of his co-defendant (and employer), Wells Fargo Bank, N.A. ("Wells Fargo" or the "Bank"), because doing so would require disclosure of materials protected by the Bank's attorney-client privilege. *See United States v. Wells Fargo Bank, N.A.*, — F. Supp. 3d —, No. 12-CV-7527 (JMF), 2015 WL 5582120 (S.D.N.Y. Sept. 22, 2015) (Docket No. 295). Lofrano now moves, pursuant to Title 28, United States Code, Section 1292(b), for a certificate of appealability allowing him to challenge the Court's ruling in an interlocutory appeal. (Docket No. 296). The Government "takes no position" on Lofrano's motion, but expresses its "concern" about the possibility of "delay in the progress of this litigation" should Lofrano be permitted to take an appeal. (Docket No. 301). Wells Fargo does not really take a position on Lofrano's motion either, except to argue that this Court was correct in its earlier ruling. (Docket No. 304).

      Section 1292 is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

Pursuant to Section 1292(b), a district court has discretion to certify an order for interlocutory appeal if the moving party shows that the order (1) "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see In re Facebook, Inc., IPO Sec. & Derivative Litig*., 986 F. Supp. 2d 524, 529-30 (S.D.N.Y. Mar. 13, 2014). Of the three factors, the third — whether an immediate appeal would materially advance the ultimate termination of the litigation — "is the most important." *Tocco v. Real Time Resolutions, Inc.*, No. 14-CV-810, 2015 WL 5086390, at *2 (S.D.N.Y. Mar. 4, 2015) (internal quotation marks omitted). Further, in evaluating that factor, "courts must consider the institutional efficiency of both the district court and the appellate court." *Id.* Ultimately, certification "is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y. 1987) (internal quotation marks omitted); *accord Koehler*, 101 F.3d at 865-66; *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996); *see also, e.g.*, *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (urging district courts "to exercise great care in making a § 1292(b) certification").

Applying those standards here, Lofrano's motion is denied. To be sure, the Court's Opinion and Order arguably did involve a "controlling question of law" (even if reversal would not actually result in termination of the litigation altogether), and the Court is inclined to agree that "there is substantial ground for difference of opinion" (even if an issue of "first impression, standing alone, is insufficient to demonstrate" as much, *Flor*, 79 F.3d at 284). But the Court cannot find that an immediate appeal would materially advance the ultimate termination of the

litigation. This case was filed over three years ago, and discovery — which has been contentious and protracted — is due to close in only eighteen days. (Docket No. 300). The Court assumes that one or both Defendants will then seek summary judgment — and any such motion would be fully briefed (absent extensions) in a little more than two months. If Lofrano prevails on summary judgment, his argument for appeal would, of course, be moot. If he does not prevail, the case would — absent settlement — proceed to trial as early as next spring or summer. A defense verdict at trial would also moot Lofrano's argument; and if Plaintiff were to prevail at trial, Lofrano could take an appeal of any and all issues at once. A reversal after final judgment would obviously require a retrial as to Lofrano, but that is a risk inherent in any appeal after trial. By contrast, given the probability that an interlocutory appeal (assuming the Circuit even accepted the issue for interlocutory review) would take many months or even years, granting Lofrano's motion would likely result in either a lengthy adjournment of trial against both Defendants or a severance and two trials anyway. Put simply, an interlocutory appeal would not promote the efficient administration of justice, as the risk of having to retry the case against Lofrano after final judgment is much smaller than the near certainty of multiple trials and multiple appeals that would follow from allowing an interlocutory appeal. *See, e.g.*, *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 747-48 (S.D.N.Y. 2006) (denying certification where, as here, the case was nearly trial ready after three years of litigation, noting that "the substantial delay resulting from an interlocutory appeal at this point would derail the resolution of the merits of this action for potentially several years"); *see also, e.g.*, *SEC v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226-27 (S.D.N.Y. 2000) ("The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b).")

The Clerk of Court is directed to terminate Docket No. 296.

SO ORDERED.

Date:  November 2, 2015
       New York, New York

JESSE M. FURMAN
United States District Judge