UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                        :

UNITED STATES OF AMERICA,          :

                                          :

                   Plaintiff,         :

                                          :          12-CV-7527 (JMF)

       -v-                        :

                                          :        <u>MEMORANDUM OPINION</u>

WELLS FARGO BANK, N.A., et al.,      :            <u>AND ORDER</u>

                                          :

                   Defendants.     :

                                          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Nearly six years after the conclusion of this case, the Government moves for an order

permitting the Department of Justice ("DOJ") to disclose to the Internal Revenue Service

("IRS") two documents that Defendant Wells Fargo Bank, N.A., ("Wells Fargo") designated as

"Confidential" under the Protective Order entered in this case.  *See* ECF No. 327; *see also* ECF

No. 97 ("Protective Order").  Upon review of the parties' submissions, *see* ECF Nos. 327, 333,

334, the Court denies the Government's motion.  The Court agrees with Wells Fargo that the

documents at issue are "Discovery Materials" within the broad definition of that term set forth in

Paragraph 1 of the Protective Order.  Protective Order ¶ 1.  Pursuant to Paragraph 32 of the

Protective Order, therefore, DOJ was under an obligation to destroy the documents over five

years ago — and it repeatedly certified that it had done so.  Protective Order ¶ 32; ECF No. 333

at 1-2; ECF No. 333-2.  To allow DOJ to share documents that it should have destroyed — and

claimed to have destroyed — would do violence to the plain terms of the Protective Order and

the reasonable expectations of Wells Fargo and reward DOJ for its noncompliance.

       It is of no moment that the parties agreed that certain materials commingled with attorney

files need not be actually destroyed and that the documents at issue were, presumably as a result, not physically destroyed.  The parties agreed that such documents would be treated as "*de facto* destroyed" and would "not be accessed or used for any purpose."  ECF No. 333-1 at 2; *see also* ECF No. 333-2 at 1.  As a legal matter, therefore, the documents are not available to DOJ for any purpose; they effectively do not exist.  *See, e.g.*, *Benedict v. McMahon*, 315 F.R.D. 447, 451-52 (E.D. Pa. 2016).  It follows that the documents are not available to DOJ "for any purpose," including disclosure pursuant to Paragraph 22 of the Protective Order.  Moreover, the plain language of Paragraph 22 does not permit DOJ to disclose the documents to the IRS.  By its terms, Paragraph 22 permits DOJ to "disclose" otherwise confidential documents "for purposes of reporting any potential violation of law or regulation."  Protective Order ¶ 22.  Here, however, DOJ is merely seeking to comply with a request from the IRS; DOJ does not seek to "report[]" anything within the plain meaning of that term.

In short, by its "plain language," the Protective Order in this case prohibits DOJ from disclosing the documents at issue to the IRS.  *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271-72 (10th Cir. 2010) (citing *City of Hartford v. Chase*, 942 F.2d 130, 134-35 (2d Cir. 1991)).  Indeed, to permit DOJ to share documents that it was required by the Protective Order to destroy, whether actually or constructively, "would encourage similar improper conduct in the future and would discourage future civil litigants from relying on the government's promises." *Id.* at 1271.

The Clerk of Court is directed to terminate ECF No. 327.

SO ORDERED.

Dated: February 8, 2022
      New York, New York

JESSE M. FURMAN
United States District Judge